JOHN M. NASSEFF, JR., d.b.a. NASSEFF PLUMBING,
v. ROBERT SCHOENECKER AND OTHERS.
OSCAR SUNDBERG, APPELLANT.

253 N. W. 2d 374.

April 8, 1977—No. 46844.

*Meyer, Hiniker & Fleming* and *Richard C. Hiniker*, for appellant.

*John T. Finley*, for respondent Nasseff.

*Meier, Kennedy & Quinn, A. D. Kennedy, Jr.*, and *Gordon W. Shumaker*, for respondents Huysentrait.

*Eckberg, Lammers, Briggs & Wolff* and *Paul A. Wolff*, for respondent Greeder.

*Oppenheimer, Wolff, Foster, Shepard & Donnelly, Mark G. Ohnstad*, and *William P. Studer*, for respondent Lampert Lumber Company.

Heard before Rogosheske, Peterson, and Kelly, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

This is an appeal by Oscar Sundberg from a judgment ordering foreclosure of coordinate mechanics liens against real property owned by him in fee simple arising out of remodeling improvements made to the subject property by four lien claimants under separate contracts with Sundberg's lessees. The issue presented concerns the interpretation and application of Minn. St. 514.011. This section enacted in 1973, added provisions requiring notices by contractors, subcontractors, and materialmen as prerequisites to validating and preserving the mechanics lien remedy for improvements to real property.[1] The question pre-

---

[1] Minn. St. 514.011 provides: "Subdivision 1. Every person who enters into a contract with the owner for the improvement of real property and who has contracted or will contract with any subcontractors or materialmen to provide labor, skill or materials for the improvement shall give the owner the notice required in this subdivision. The notice shall be delivered personally or by certified mail to the owner or his authorized agent within ten days after the contract for the work of improvement is agreed upon. The notice shall be in at least 10-point bold

sented on this appeal may be stated thus: If the owner of a lease-hold interest enters into a contract for the improvement of real property with a supplier of labor or materials, and the fee owner

---

type, if printed, or in capital letters, if typewritten and shall state as follows:

"(a)  Persons or companies furnishing labor or materials for the improvement of real property may enforce a lien upon the improved land if they are not paid for their contributions, even if such parties have no direct contractual relationship with the owner;

"(b)  Minnesota law permits the owner to withhold from his contractor so much of the contract price as may be necessary to meet the demands of all other lien claimants, pay directly such liens and deduct the cost thereof from the contract price, or withhold amounts from his contractor until the expiration of 90 days from the completion of such improvement unless the contractor furnishes to the owner waivers of claims for mechanics' liens signed by persons who furnished any labor or material for the improvement and who provided the owner with timely notice.

"A person who fails to provide the notice shall not have the lien and remedy provided by this chapter.

"The notice required by this subdivision is not required of any person who is himself an owner of the improved real estate, to any corporate contractor of which the owner of the improved real estate is an officer or controlling shareholder, to any contractor who is an officer or controlling shareholder of a corporation which is the owner of the improved real estate, or to any corporate contractor managed or controlled by substantially the same persons who manage or control a corporation which is the owner of the improved real estate.

"Subd. 2.  Every person who contributes to the improvement of real property so as to be entitled to a lien pursuant to section 514.01 except a party under direct contract with the owner must, as a necessary prerequisite to the validity of any claim or lien, cause to be given to the owner or his authorized agent, either by personal delivery or by certified mail, not later than 20 days after the lien claimant has first furnished labor, skill or materials for the improvement, a written notice in at least 10-point bold type, if printed, or in capital letters, if typewritten, which shall state:

"'NOTICE OF OWNER

"TO: (name and address of owner)

"We are authorized by law to provide you with this NOTICE. Your failure to read it carefully could result in unnecessary expense to you

has knowledge that the improvement is being made but fails to protect his interest from mechanics liens by serving or posting notice that the improvement is not made at his instance, as provided by Minn. St. 514.06,[2] does a mechanics lien attach to the

or in the loss of your ..................... at ......................
(type of property)     (address of property)
"We, ......................................., have been hired by
(name and address of subcontractor)
your CONTRACTOR, ................................. to provide
(name of contractor)
...................................... for use in improving your
(type of service or material)
property. We estimate our charges will be ...........................
(value of service or material)
If we are not paid by your CONTRACTOR, we can file a claim against your property for the price of our services unless you have ALREADY paid your CONTRACTOR in full. ENFORCEMENT OF OUR CLAIM COULD MEAN THE LOSS OF YOUR PROPERTY IF YOU ARE UNABLE TO PAY US FOR OUR SERVICES.

"To protect yourself, Minnesota law allows you to either:

"1. Withhold payment to your CONTRACTOR for up to 90 days from the completion of the improvement or until he provides you with a waiver of claim from us which states that we will not file a claim against your property; or

"2. Pay us directly and deduct the amount paid from the amount you owe your CONTRACTOR.'

"Subd. 3. A contractor who contracts with any subcontractors or materialmen to provide labor, skill or materials for the improvement shall upon request provide the subcontractor or materialman with the name and address of the owner. For purposes of this section 'owner' means the owner of any legal or equitable interest in real property who enters into a contract for the improvement of such real property.

"Subd. 4. The notice required under this section shall not be required to be given where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate or in connection with an improvement to real property consisting of or providing (i) more than four family units and the improvement is wholly residential in character, or (ii) more than 10,000 total usable square feet of floor space and the improvement is partly or wholly nonresidential in character."

[2] Section 514.06 provides: "* * * When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be

fee owner's interest notwithstanding the contracting lien claimant's failure to serve the notices required by § 514.011? We hold under the stipulated facts that where improvements are made under separate contracts between the lessees, owners of an equitable interest in the property, and the four lien claimants, none of who contracted with any subcontractor or material-men to provide labor, skill, or material for the improvements, § 514.011 does not apply, and the notices thereby required need not be served upon either the contracting lessees or the fee owner. Further, the fee owner's knowledge of the improvements and his failure to serve or post notice of disclaimer subjects his interest to the liens. Accordingly, we affirm the judgment.

The trial court's determination was based upon these stipulated facts. Sundberg, the fee owner of the subject property, entered into a written 15-year lease, containing an option to purchase after 10 years, with Robert Schoenecker and others. This was nonresidential property providing less than "10,000 total usable square feet of floor space."[3] The lessees were expressly authorized to remodel the property for use as a bar and restaurant. They entered into four separate contracts for remodeling improvements with the lien claimants, Nasseff Plumbing, Lampert Lumber Company, Greeder Electric, and Venta-Hood. At oral argument it was acknowledged that none of the lien claimants contracted with any subcontractors or materialmen to provide labor, skill, or materials for the improvements. Sundberg had actual knowledge that these improvements were being made and, while they were in progress, visited the premises on several occasions. He did not, however, serve or post notice on

deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. * * *"

[3] § 514.011, subd. 4.

the property that the improvements were not being made at his instance, as required by § 514.06, to protect his fee interest from potential liens of the lessees' contractors. When the lessees failed to pay for the improvements, the four contracting claimants joined in this action to foreclose their timely filed liens in the following amounts: Nasseff Plumbing, $5,322.90; Lampert Lumber Company, $1,367.32; Greeder Electric, $1,702.31; and Venta-Hood, $3,700. These sums represent the reasonable value of the labor and materials furnished by the lien claimants.

At trial and on appeal, Sundberg argues that the mechanics liens cannot be enforced against his fee interest where the lien claimants failed to provide notice to him in strict compliance with § 514.011, and since the stipulated facts establish that none of the lien claimants so complied, each forfeited the liens asserted. Although disputed by some of the lien claimants, assuming each lien complaint's noncompliance with the notice requirements of § 514.011, we are persuaded that the section has no application to the facts of this case where the lien claimants did not subcontract in making the improvements.

In 1973, the legislature, at the urging of the attorney general, sought to correct a problem then frequently faced by homeowners when they entered into contracts with building contractors for the improvement of their property. Often, as the proponents of the legislation urged, a homeowner would find that, after he had paid the contractor in full, numerous other subcontractors or materialmen that were previously unknown to him had filed mechanics liens against his property.[4] To rectify this evil, the legislature added the notice requirements of § 514.011. The evident purpose was to protect an owner from hidden liens arising from labor or materials supplied to the contractor by subcontractors or materialmen who extended credit to the contractor on the security of the owner's property and whose identities were

---

[4] See, Spannaus, *Mechanics Lien Law Reform,* 41 Hennepin Lawyer, No. 5, p. 10; Comment, *The "Forgotten Man" of Mechanics' Lien Laws —The Homeowner,* 16 Hastings L. J. 198.

unknown and often unascertainable by the owner. The notice requirements of the section are limited to residential property consisting of not more than four family units and to nonresidential property providing not more than 10,000 square feet of floor space.[5] To accomplish this protective objective and at the same time to preserve the statutory lien remedy to those contributing to the improvement, the statute requires not one but two separate notices. Section 514.011, subd. 1, requires a contractor who has contracted or will contract with subcontractors or materialmen to put the owner on notice of the risk that the latter have lien rights despite the absence of any contractual relationship with the owner. The notice must also specify the means by which the owner can be assured that subcontractors and materialmen are paid before the contractor receives full payment. Failure of the contractor to give notice within 10 days after his agreement with the owner results in a forfeiture of his own lien. Once a subcontractor or materialman begins furnishing labor or materials, the owner is entitled to another separate notice of either supplier's right to make claims or liens upon the contractor's failure to pay. This notice must be served upon the owner within 20 days after the labor or materials are first furnished, and a failure to do so invalidates any claim or lien by a subcontractor or materialman against the owner. Section 514.011, subd. 3, requires the contractor, upon request, to furnish to subcontractors or materialmen the name and address of the owner, which for this section is restricted to mean the owner of any legal or equitable interest who has contracted for the improvement of the property.

It is clear therefore that the notice requirements of neither subd. 1 nor subd. 2 of § 514.011 apply to the stipulated facts. The lessees entered into agreements with four separate contractors, who entered into no subsidiary contracts for the improvements. Thus, neither the 10-day notice requirement of subd. 1 nor the 20-day notice requirement of subd. 2 imposes on the four contrac-

---

[5] § 514.011, subd. 4.

tors any burden to given notice to the lessees who were the statutory contracting owners.

It is equally clear that § 514.011 has no application to the fee owner because, even if there were subsidiary contracts, he is not the owner of an interest in the subject property who contracted for the improvements within the contemplation of subd. 3. Rather, it is the lessees who are the owners of an equitable interest, which interest this court has held since the last century may be subject to a lien. Dunham Associates, Inc. v. Group Investments, Inc. 301 Minn. 108, 223 N. W. 2d 376 (1974); Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725 (1886). Consistent with that interpretation of the section and of more significance is the statutory scheme for the protection of the interest of a fee owner against mechanics liens. If he is not in possession of the property and has no knowledge that the improvements are being made, a lien may not be imposed on his interest. Berglund & Peterson v. Abram, 148 Minn. 412, 182 N. W. 624 (1921). Where the fee owner has such knowledge, § 514.06 imposes upon him an affirmative burden to serve or post notice that the improvements are not being made at his instance, thereby disclaiming any responsibility for the payment to lien claimants. Knoff Woodwork Co. v. Zotalis, 213 Minn. 204, 6 N. W. 2d 264 (1942); Congdon v. Cook, 55 Minn. 1, 56 N. W. 253 (1893). Sundberg's failure to serve or post such notice therefore subjects his fee interest to the improvement contractors' liens. The mischief to a contracting owner of nonpayment by the contractor to subcontractors or materialmen intended to be remedied by § 514.011 simply did not occur in this case.

Affirmed.