**PELLETIER CORPORATION,**
Appellant,

v.

**CHAS. M. FREIDHEIM COMPANY.**
**CHAS. M. FREIDHEIM COMPANY,**
Respondents,

v.

**Ron MORTON, d.b.a. L & M**
**Construction Company,**
Respondent.

No. C8–85–1402.

Court of Appeals of Minnesota.

March 11, 1986.

Review Denied May 16, 1986.

Wm. C. Mortensen, Wm. C. Mortensen Law, Minneapolis, for appellant.

J. Robert Nygren, Minneapolis, for respondents.

Ron Morton, pro se.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

This is a consolidated action to enforce mechanic's liens by respondent Chas. M. Freidheim Company (Freidheim) against appellant Pelletier Corporation (Pelletier). The trial court awarded judgment in favor of Freidheim and Pelletier appeals. Pelletier argues (1) the court erroneously vacated a summary judgment granted in favor of Pelletier and (2) Freidheim failed to give Pelletier the statutorily-required prelien notice. We affirm.

## FACTS

Gerald Pelletier is the president and sole shareholder of Pelletier Corporation (Pelletier), a corporation organized in July 1982 as a real estate development and investment business. Pelletier Corporation undertook two different projects in 1982: (1) contracting to build a single-family home on a lot it owned in Scott County, and (2) building two duplexes on two lots it owned in Hennepin County. Initially, an investor was to buy both units in Hennepin County, but that agreement fell through. Pelletier owned the three lots at all times relevant to this action.

Pelletier constructed the units on a bid basis. Gerald Pelletier testified he contracted with others to complete the various parts of the projects, such as excavating, carpentry, plumbing and electrical work. He further testified he did not consider himself a general contractor of the projects. He characterized his role as a coordinating one, rather than supervisory. He testified he checked the sites once or twice a week. On cross-examination, he acknowledged if the contractors had problems at the sites, they would contact him.

Gerald Pelletier applied for building permits for the three lots. The building permits indicate Pelletier Corporation is both the owner of the property and the contractor for the projects on the property.

Respondent Ron Morton, d/b/a L & M Construction Company (Morton) did all the concrete masonry and brick work for the three units. Pelletier paid Morton approximately $33,800 and Morton provided Pelletier with lien waivers. Morton purchased $11,275.64 worth of concrete and ready-mix from Freidheim for materials on the units. Morton failed to pay Freidheim for these purchases as well as other purchases unrelated to the Pelletier units. Freidheim's accounts indicate Morton owes Freidheim $54,256.90.

Freidheim did not give any prelien notice to Pelletier. In June 1983, Freidheim filed mechanic's liens on all three sites. Subsequently, four different actions were commenced relating to these liens. The actions were consolidated for trial in Scott County.

Prior to consolidation, Pelletier brought a summary judgment motion on one of its Hennepin County actions. Pelletier commenced this declaratory judgment action seeking to remove the liens on September 1, 1983, and moved for summary judgment on November 2, 1983.

During this period, Morton was subpoenaed several times for deposition but he failed to appear. Finally, pursuant to court order issued in one of the other Hennepin County cases, Morton was deposed on December 10, 1983.

The summary judgment motion was argued on November 14, 1983 in Hennepin County. On December 5, 1983, the Hennepin County district court issued an order granting summary judgment in favor of Pelletier on the basis that Freidheim did not give Pelletier the statutorily-required prelien notice. The trial court determined Freidheim failed to present any facts supporting its position that Pelletier was both the owner of the lots and the contractor, and thus it was not entitled to prelien notice under Minn.Stat. § 514.011, subd. 4a (1982). The .court concluded Pelletier was the owner of the lots, but not the contractor.

A few days after the summary judgment order was filed, Freidheim's attorney contacted the court and requested a stay of the order. On December 14, 1983, the trial court issued an order staying the December 5 summary judgment order. Subsequently, Freidheim moved to reconsider the summary judgment order. The trial court vacated the order and denied Pelletier's motion for summary judgment. In its memorandum, the court explained that, based on Morton's December 10, 1983 deposition, a genuine issue of material fact existed regarding whether Pelletier was a contractor.

After a short trial to the court, the trial court found Pelletier was a contractor-owner under Minn.Stat. § 514.011, subd. 4a, and therefore Freidheim was not required to give Pelletier prelien notice. The trial court also concluded Freidheim was not guilty of laches, was not estopped from asserting its liens and was not guilty of bad faith under Minn.Stat. § 549.21 (1982). The court concluded Freidheim was entitled to recover $71,173.46 plus interest. Further, the court concluded Freidheim had valid mechanic's liens on the three lots. The trial court ordered the liens be enforced by foreclosure.

## ISSUES

1. Did the Hennepin County trial court abuse its discretion in vacating its summary judgment order?

2. Did the trial court err in determining Pelletier was both a contractor and owner of the property in issue, and therefore Freidheim was not required to give Pelletier prelien notice?

3. Did the trial court abuse its discretion in denying Pelletier equitable relief from the enforcement of the mechanic's liens?

## ANALYSIS

1. Pelletier argues the Hennepin County trial court erred in vacating the December 5, 1983 summary judgment order.

Minn.R.Civ.P. 60.02 provides that:

[T]he court may relieve a party * * * from a final judgment * * *, order, or proceeding and may order a new trial or grant such other relief as may be just for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time * * *.

To set aside a summary judgment, the moving party must satisfy four conditions. The party must (1) possess a reasonable defense on the merits, (2) have a reasonable excuse for the failure or neglect involved, (3) have acted with due diligence after notice of the entry of judgment, and (4) show that no substantial prejudice will result to the other party. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964) (vacating a default judgment); *see also Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982) (vacating a summary judgment). The trial court has discretion to grant relief under rule 60.02 and its decision will not be reversed absent an abuse of that discretion. *Simons v. Schiek's, Inc.*, 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966).

■ We do not believe the trial court abused its discretion in vacating the summary judgment. First, Freidheim had a reasonable defense on the merits of the case. Freidheim raised a legitimate argument that it was not required to give pre-

lien notice to Pelletier under Minn.Stat. § 514.011 (1982). Second, Freidheim had a reasonable excuse for failing to submit evidence of a material factual dispute at the summary judgment motion. The action was only two months old at the time of the motion. We cannot say Freidheim was lax in its discovery during that short period of time. Freidheim's attorney advised Pelletier's attorney he wanted to be present for Morton's deposition. Pelletier made numerous attempts to depose Morton before the summary judgment motion but Morton would not cooperate. This case is unlike *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50 (Minn.Ct.App.1984), where the party made no effort to depose those who had personal knowledge of facts that could defeat a summary judgment motion.

Because we believe Freidheim's failure to oppose the summary judgment motion with material disputed facts is excusable conduct, we need not address whether a vacation of the summary judgment order is precluded by Freidheim's failure to seek a continuance. *See State v. $14,000 Dollars in Various Denominations of United States Currency*, 345 N.W.2d 277, 280 (Minn.Ct.App.1984).

Third, Freidheim acted with due diligence after the trial court ordered summary judgment. Freidheim's attorney contacted the court within a few days after the order was filed and requested a stay. Finally, Pelletier did not suffer substantial prejudice as a result of the court's order vacating the summary judgment order. Pelletier did obtain a release of funds that were escrowed with a title company, but it agreed to indemnify the title company in the event that the liens were subsequently declared valid. The summary judgment order was stayed shortly after it was filed and was vacated approximately two months later. Any delay that occurred was minimal.

2. Pelletier next argues it was entitled to prelien notice under Minn.Stat. § 514.011 even though it was an owner who contracted with others to make improvements on its property. Pelletier essentially claims the trial court erred in finding it was a contractor as well as an owner and in concluding it was not entitled to prelien notice under section 514.011.

Section 514.011 requires contractors, subcontractors and materialmen to give certain notices to an owner prior to claiming a lien. Once a subcontractor or materialman begins furnishing labor or materials, the owner is entitled to notice of the supplier's right to make claims or liens upon the contractor's failure to pay. Minn.Stat. § 514.011, subd. 2. The purpose of prelien notice is:

> to protect an owner from hidden liens arising from labor or materials supplied to the contractor by subcontractors or materialmen who extended credit to the contractor on the security of the owner's property and whose identities were unknown and often unascertainable by the owner.

*Nasseff v. Schoenecker*, 312 Minn. 485, 490–91, 253 N.W.2d 374, 377 (1977).

Not all owners, however, are entitled to notice. Among other exceptions, prelien notice is not required:

> where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate.

Minn.Stat. § 514.011, subd. 4a (1982). This exception to prelien notice is consistent with the general purpose of prelien notice; the exception applies in cases where the owner is not unsuspecting. *See Nor-Son, Inc. v. Nordell*, 369 N.W.2d 575, 578 (Minn. Ct.App.1985) (construing the exception to prelien notice provided under Minn.Stat. § 514.011, subd. 1), *pet. for rev. denied*, (Minn. Sept. 13, 1985).

The issue before us is whether the trial court clearly erred in finding Pelletier was a "contractor." *See* Minn.R.Civ.P. 52.01. The trial court explained its finding on the basis that (1) Pelletier entered into separate contracts for the different jobs necessary

to complete the projects, (2) Pelletier supervised and controlled the work at the project sites, and (3) Pelletier applied for building permits and indicated it was the contractor.

Section 514.011 does not specifically define the term "contractor." A "contractor" is commonly defined as a party who undertakes to make specific improvements under a contract with an owner. *Moorhead v. Grassle*, 254 Minn. 103, 107, 93 N.W.2d 678, 681 (1958). This definition appears to be incorporated into Minn.Stat. § 514.011, subd. 1 (relating to prelien notice required of contractors).

■ Pelletier does not fall into the ordinary definition of a contractor. There is nothing unusual, however, about a property owner acting as his or her own contractor. *See Moorhead*, 254 Minn. at 107, 93 N.W.2d at 681; *Paulsen Lumber, Inc. v. Meyer*, 47 Wis.2d 621, 627, 177 N.W.2d 884, 887 (1970). Gerald Pelletier was not simply an owner building his own house. He obtained building permits indicating Pelletier Corporation was the contractor, and began to build three different housing units for resale at a profit. As an officer of Pelletier, he contracted with numerous suppliers such as Morton. These are duties and obligations a contractor would ordinarily undertake. The trial court did not err in finding Pelletier was a contractor.

3. Pelletier finally argues the trial court erred in denying it equitable relief from the liens.

■ Granting equitable relief is within the sound discretion of the trial court and the court will not be reversed absent a clear abuse of that discretion. *Nadeau v. County of Ramsey*, 277 N.W.2d 520, 524 (Minn.1979). Equity will not disregard statutory law or grant relief prohibited thereby. *Kingery v. Kingery*, 185 Minn. 467, 470, 241 N.W. 583, 584 (1932). If equitable relief were granted to Pelletier, we would be disregarding the way the legislature chose to allocate responsibility for a supplier's unpaid accounts. We do not believe the trial court abused its discretion in denying Pelletier equitable relief.

We observe that although both Pelletier and Freidheim are innocent of any wrongdoing, both parties could have taken precautionary steps to prevent this action from arising. Freidheim could have contacted Pelletier to determine if Morton was getting paid or it could have given prelien notice to Pelletier. Freidheim was not statutorily required, however, to take either of these steps to perfect its liens.

Pelletier could have requested lien waivers from Morton's suppliers or it could have contacted Morton's suppliers to determine if Morton was paying them. Because Pelletier did not acquire lien waivers from Morton's suppliers, the mechanics' lien statute does not offer it any protection. The result reached here is appropriate. Pelletier contracted with Morton for masonry and brick work and it knew that Morton was acquiring his materials from another business. Pelletier is not the unsuspecting owner that the prelien notice statute seeks to protect.

## DECISION

The district court did not abuse its discretion in vacating its summary judgment order. The trial court did not err in determining Pelletier was not entitled to prelien notice and did not abuse its discretion in denying Pelletier equitable relief from the enforcement of the mechanic's liens.

Affirmed.