James I. BERG, Appellant,

v.

**MERLE'S CONSTRUCTION COMPANY, Respondent.**

No. C5–88–1145.

Court of Appeals of Minnesota.

Oct. 4, 1988.
Review Granted Dec. 16, 1988.

Susan Rester Miles, Robins, Zelle, Larson & Kaplan, Minneapolis, for appellant.

Gerald S. Duffy, Wm. Christopher Penwell, Grossman, Karlin, Siegel, Brill, Greupner & Duffy, Minneapolis, for respondent.

Heard, considered and decided by NORTON, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

James I. Berg appeals from that part of a trial court decision that Merle's Construction Company had a mechanic's lien prior and superior to other interests on Berg's property, and ordering the lien foreclosed in satisfaction of the judgment. Berg also appeals the trial court's award of attorney's fees, costs, and disbursements to Merle's. We reverse.

### FACTS

James Berg hired Merle's Construction Company and several other contractors to do restoration work on his home. Merle's

presented its proposal and cost estimate to Berg, and the parties entered into a contract shortly thereafter. Merle's, in turn, hired subcontractors and materialmen to assist in the project.

This dispute arose as the work neared completion. Merle's claimed Berg still owed it money for work completed, while Berg claimed that Merle's failed to fulfill all of its contractual obligations in a timely fashion and performed work of inferior quality. Merle's contends it completed work on May 22, 1985. Merle's filed a mechanic's lien for $28,678.03 and subsequently filed a complaint against Berg seeking foreclosure of the lien.

The parties later entered into an agreement to arbitrate all of the factual and legal issues raised by the pleadings, except the issue of the mechanic's lien. The arbitrator ordered Merle's to complete several projects and ordered Berg to pay Merle's $28,678.03. Merle's subsequently filed a motion in district court for an order confirming the arbitrator's award, for entry of judgment for $28,678.03 plus interest, for an award of attorney's fees and costs, for an order stating that Merle's mechanic's lien was prior and superior to other such encumbrances, and for an order foreclosing this lien. Berg moved for an order vacating the arbitrator's decision and for an order stating that Merle's could not, as a matter of law, foreclose the mechanic's lien because it failed to give Berg the statutory pre-lien notice.

The trial court denied Berg's motion, confirmed the arbitration award, entered judgment for Merle's in the amount of $28,-678.03, adjudged Merle's mechanic's lien prior and superior to two other interests in the property, and ordered the mechanic's lien foreclosed and Berg's residence sold to satisfy the lien. The trial court concluded that Berg's claim on Merle's failure to give pre-lien notice involved a technical requirement and was an argument without merit. Berg does not appeal the trial court's confirmation of the arbitrator's award and judgment entered thereon.

## ISSUE

Did Merle's lose its mechanic's lien by failing to comply with the pre-lien notice requirements of Minn.Stat. § 514.011 (1986)?

## DISCUSSION

■ The trial court's failure to make findings of fact and its conclusion that Berg's challenge based on failure to give pre-lien notice was a technical argument indicate to us that the trial court treated this matter as a question of law. An appellate court need not give deference to a trial court's decision on a legal issue. *Frost–Benco Electric Association v. Minnesota Public Utilities Commission*, 358 N.W.2d 639, 642 (Minn.1984).

Minn.Stat. § 514.011, subd. 1 (1986), requires that pre-lien notice be given to an owner before a mechanic's lien can be enforced:

> Every person who enters into a contract with the owner for the improvement of real property and who has contracted or will contract with any subcontractors or material suppliers to provide labor, skill or materials for the improvement shall include in any written contract with the owner the notice required in this subdivision and shall provide the owner with a copy of the written contract. * * *
>
> A person who fails to provide the notice shall not have the lien and remedy provided by this chapter.

Minn.Stat. § 645.16 (1986) provides that the object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature; when the language is clear and unambiguous, the letter of the law shall not be disregarded under the pretext of pursuing the spirit. In this case the statute seems unequivocal as to when pre-lien notice is required. Neither party disputes the fact that Merle's hired subcontractors and materialmen; thus, the contractor is within the purview of the statute.

In its complaint Merle's states that it provided pre-lien notice. There is no evidence of this, however, in the trial court record, and the contract between the par-

ties does not contain any written notice. Berg denies in his answer to the complaint that he ever received any notice, and there is an affidavit by him in which he again denies ever having received notice. Berg's affidavit stands uncontradicted.

■ While mechanic's lien statutes are to be liberally construed to effectuate the purpose of protecting the rights of workmen and materialmen who furnish labor and material for the improvement of real estate, they must be strictly construed as to the statutory requirements, including pre-lien notice. *Dolder v. Griffin*, 323 N.W.2d 773, 779–80 (Minn.1982); *see also Sievert v. LaMarca*, 367 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. July 17, 1985). The pre-lien notice statute does contain some exceptions where pre-lien notice is not required. Merle's argues that the owner-contractor exception applies:

> The notice required by this section shall not be required to be given where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate.

Minn.Stat. § 514.011, subd. 4a (1986).

■ Although Merle's raises this exception, no trial court transcript was provided to this court, and the trial court made no findings to indicate that it had considered this exception. Merle's claims that the facts regarding Berg's role as an owner-contractor were resolved by the arbitrator. The complete arbitration transcript, however, was not made a part of the trial court record. The arbitration agreement provided that the mechanic's lien was not to be addressed by the arbitrator, and the few pages from the arbitration transcript which were entered as exhibits do not indicate that the arbitrator considered the question of whether the owner also acted as the general contractor.

Merle's cites *Pelletier Corp. v. Chas. M. Freidheim Co.*, 383 N.W.2d 318 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. May 16, 1986), in which this court considered the contractor-owner exception to the pre-lien notice requirements. In that case, however, the trial court received evidence on the owner's activities and made findings of fact on whether the owner was involved in the project to such an extent that he came within the exception and was in fact a contractor. *Id.* at 321–22. The trial court in this case made no such findings, nor did Merle's file a notice of review raising as an issue the trial court's failure to do so.

■ The Minnesota Supreme Court has pointed out that the purpose of the notice provision is to prevent foreclosure of mechanic's liens filed by subcontractors and materialmen hired by the contractor which were unknown to the owner. *Nasseff v. Schoenecker*, 253 N.W.2d 374, 377 (Minn. 1977). Here it is the contractor, rather than the subcontractors or materialmen, seeking to enforce a mechanic's lien. Even though its discussion of the purpose of pre-lien notice focuses on subcontractors and materialmen, the supreme court in *Nasseff* states, in dictum, that the contractor as well as the subcontractors and materialmen *all* must give notice to protect their respective lien interests. The contractor's failure to give notice results in forfeiture of his own lien, and if the subcontractors and materialmen fail to give pre-lien notice, they too lose their lien rights. *Id.* at 377–78.

We hold that the trial court erred as a matter of law when it regarded the lack of pre-lien notice as "a failure to observe a technical requirement" and permitted Merle's to foreclose its mechanic's lien.

The trial court awarded Merle's attorney's fees, costs, and disbursements. Because of this court's ruling on the foreclosure, the award of fees, costs and disbursements is ordered vacated.

## DECISION

REVERSED.