**MERLE'S CONSTRUCTION COMPANY, INC., Petitioner, Appellant,**

v.

**James I. BERG, Respondent,**

**City of St. Paul by the Housing and Redevelopment Authority of the City of St. Paul, Defendant.**

**No. C5–88–1145.**

Supreme Court of Minnesota.

July 14, 1989.

Grossman, Karlins, Siegel, Brill, Greupner & Duffy, Gerald S. Duffy, Wm. Christopher Penwell, Minneapolis, for appellant.

Robins, Kaplan, Miller & Ciresi, Susan Rester Miles, Minneapolis, for respondent.

SIMONETT, Justice.

We reverse and remand for further proceedings to determine if the plaintiff contractor is entitled to a mechanic's lien.

Defendant-respondent James I. Berg hired plaintiff-appellant Merle's Construction Company, Inc., under a written contract to perform extensive restoration of Berg's home. A dispute arose and the Construction Company, claiming it was owed a balance of $28,678.03, commenced an action to foreclose its mechanic's lien. Defendant Berg filed an answer denying the amount owed, denying he had ever been served with a prelien notice, and counterclaiming for damages.

The parties submitted their dispute to arbitration as required by their construction contract, with the foreclosure action held in abeyance. The parties expressly reserved to the court, however, the question of whether the Construction Company was entitled to a lien and attorney fees. In due course the arbitrator issued his decision awarding the Construction Company the amount of its claim to the penny, $28,-678.03, and denying owner Berg's counterclaim in its entirety.

The parties then returned to district court. The Construction Company moved to confirm the arbitrator's award and for an order to foreclose its lien. Defendant Berg countered with a "Cross Motion" asking that the arbitration award be vacated and for an order that the contractor "as a matter of law" had no lien to foreclose. In accompanying briefs, defendant Berg argued that plaintiff had no lien because the Construction Company had failed to serve him with a prelien notice. Plaintiff argued that it did serve the prelien notice because the lien statement attached to the complaint so averred, but in any event it was not required to serve notice because Berg had been acting as his own contractor.

The trial court granted plaintiff's motions and denied defendant's motions. In so doing, the trial court stated, "The Court also finds that the Defendant's claim that the mechanics lien should not be foreclosed because of a failure to observe a technical requirement is without merit." This cryptic comment, as we shall see, has caused all the trouble here.

Having been successful on its first motion, the Construction Company brought a second motion for attorney fees of almost $13,000 plus costs. (This figure excluded attorney fees for defending against the counterclaim.) Defendant Berg countered with a motion asking the court to reconsider his prelien notice defense. The trial court awarded attorney fees of $9,904.50, plus $1,217.98 costs; defendant Berg's motion to reconsider was denied without any explanation by the court as to what it had meant by "failure to observe a technical requirement."

Defendant Berg appealed to the court of appeals, which reversed the trial court. The appeals panel said there was no proof a prelien notice had ever been served and there was no finding by the trial judge that a prelien notice was unnecessary because the owner had acted as his own contractor. The panel said that the trial judge erred by regarding the lack of a prelien notice as a mere technicality. *Berg v. Merle's Construction Co.*, 429 N.W.2d 686 (Minn.App. 1988). We granted the Construction Company's petition for further review.

The dispositive issue, we think, is whether the lien claimant presented sufficient evidence to escape a summary judgment that it had failed to perfect its lien.

## I.

Under Minn.Stat. § 514.011, subd. 1 (1988), every person who contracts with an owner for the improvement of real property and who has or will be contracting with subcontractors or material suppliers "shall include in any written contract with the owner the notice required in this subdivision and shall provide the owner with a copy of the written contract." If there is no written contract, the statute goes on to provide: "[T]he notice must be prepared separately and delivered personally or by certified mail to the owner or the owner's authorized agent within ten days after the work of improvement is agreed upon." The notice must be in at least 10–point bold type, if printed, or in capital letters, if typewritten, and must inform the owner that persons with whom the owner has not contracted may nevertheless have a lien against the premises for their unpaid contributions of labor or material to the improvement. Finally, the last sentence of the subdivision states in no uncertain terms—

A person who fails to provide the notice shall not have the lien and remedy provided by this chapter.

■ The prelien notice is no mere technicality. Failure to give the notice defeats the mechanic's lien. *Nasseff v. Schoenecker*, 312 Minn. 485, 491, 253 N.W.2d 374, 377 (1977). There must be strict compliance with the prelien notice statutory requirements. *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.1982). The court of appeals correctly held that the trial court erred in dismissing the prelien notice as a technicality which could be overlooked.[1]

The prelien notice "shall" be set out in any written construction contract. Here it was not, but apparently the parties assume the Construction Company could have complied with the statute by serving a separate prelien notice within 10 days after reaching an agreement. The unusual feature of this case is that it is unclear what the Construction Company is claiming it did or did not do with respect to the prelien notice. Other than an equivocal assertion that it served a prelien notice, the Construction Company offered no proof that it had. It presented no affidavit of personal service or proof of service by certified mail, nor does the notice itself or a copy thereof appear in the record. It is to avoid this "yes-I-did, no-you-didn't" kind of dispute that the statute expressly prescribes the manner in which a prelien notice is to be given. While the lien statement attached to plaintiff's complaint recites that prelien notice was given, in view of the denial in defendant's answer, this is not proof that it was. *See Lesmeister v. Dilly*, 330 N.W.2d 95, 101 (Minn.1983).

■ On this record the Construction Company never established compliance with the prelien notice requirement entitling it to a mechanic's lien. Before the trial court, however, the Construction Company also argued an alternative theory of lien entitlement. It claimed it did not have to give owner Berg any prelien notice. Subdivision 4a of section 514.011 excuses the need for the notice "where the contractor is managed or controlled by substantially the same persons who manage or control the owner of the improved real estate." We have never construed this subdivision, but in *Pelletier Corp. v. Chas. M. Freidheim Co.*, 383 N.W.2d 318 (Minn.App.1986), *pet. for review denied* (Minn., May 16, 1986), the court of appeals interpreted this exception to mean that a contractor need not give a prelien notice to an owner who is also his own contractor. In this case, the Construction Company says owner Berg acted as his own contractor and, therefore, if *Pelletier* applies, no lien notice to Berg should be necessary.

## II.

When the parties returned to district court after the arbitration award, the plain-

---

1. The 1989 legislature has amended Minn.Stat. § 514.011, subd. 2 (1988) to provide that failure to comply strictly with the *subcontractor's* prelien notice may not result in loss of lien rights if there has been a good faith effort to comply.

Significantly, no similar relaxation of strict compliance was made for prelien notices to be given by contractors under subdivision 1. *See* Act of May 17, 1989, ch. 160, § 2, 1989 Minn. Sess. Law Serv. 279 (West).

tiff contractor still had to prove entitlement to a lien, *i.e.*, it had to prove it either served the prelien notice or its lien claim came within an exception to the prelien notice requirement. Ordinarily this would require a bench trial to present evidence on the issue. Instead, without offering any proof, plaintiff simply moved for an order directing foreclosure of the lien. The defendant owner, however, filed an affidavit denying receipt of any prelien notice and moved the court for an order holding "as a matter of law" that the contractor had no lien.

The trial court, as we have seen, said Berg's defense that "the mechanics lien should not be foreclosed because of a failure to observe a technical requirement is without merit." The Construction Company says this is a finding of fact that Berg was his own contractor and therefore a prelien notice was unnecessary. One of the many problems with this argument is that it is based on wishful thinking; the trial court's "finding" does not say what plaintiff wishes it to say.

We think defendant Berg's motion was a motion for partial summary judgment. Berg says it was. We are uncertain what the Construction Company meant by its motion asking for an order foreclosing the lien; apparently this, too, was a motion for summary judgment, for otherwise the motion serves no discernible purpose. At the hearing on the motions, it seems clear that the parties did not understand that they were attending a bench trial on the merits. No record of the proceedings was made.

The court of appeals observed that the trial court made no findings on application of the owner-contractor exception. On a motion for summary judgment, however, the trial court does not make findings of fact. It decides, rather, if there is a genuine issue of material fact. If so, the matter goes to trial. If not, the matter at issue may be decided as a question of law. Here it appears sufficient facts were presented to the trial court (mostly with parts of the arbitration transcript) to raise a factual issue as to who was the contractor on the project and whether or not the owner-con-

tractor exception should apply. It is less certain if there is a fact issue on whether a prelien notice was served in compliance with the statute, particularly in view of plaintiff's decision to rest on the averment in its lien statement and not submit any specific facts. *See* Minn.R.Civ.P. 56.05. Nevertheless, in view of the many peculiarities of this case and because the case must be remanded anyway, we conclude the issue of prelien notice compliance should also be returned to the trial court for decision.

After the adverse court of appeals' decision, plaintiff contractor obtained and filed an affidavit from the trial judge. We strike the affidavit from the record on our own motion. We do so not because the affidavit is unclear but because counsel has no right on appeal to change the record.

Plaintiff now has, of course, a personal judgment against defendant for the $28,-678.03 damages awarded by the arbitrator. Presumably, plaintiff also wants the lien to assist in collecting the judgment and to entitle it to attorney fees. We cannot resist commenting that it is discouraging to see this relatively small claim generate attorney fees which by now must approach the amount initially in dispute, even after the use of arbitration which is supposed to be a speedy and inexpensive method of resolving disputes. (In allowing over $9,900 for plaintiff's attorney fees the trial court chastised defendant for obstructionist tactics.)

If plaintiff should be successful in establishing its lien on remand—and we have no view on this—we do not think, in view of plaintiff's contribution to the confusion here, that the attorney fees incurred by plaintiff in the appeal to the court of appeals and to this court should be recoverable in the lien action. Neither party is awarded costs and disbursements in this appeal.

Reversed and remanded.