**Gordon WONG, Respondent,**

v.

**INTERSPACE–WEST, INC., Appellant.**

No. A04–2409.

Court of Appeals of Minnesota.

Aug. 9, 2005.

[redacted]

David S. Holman, Burnsville, MN, for respondent.

Kristine A. Kubes, Erica Gutmann Strohl, Meagher & Geer, PLLP, Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; SCHUMACHER, Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant-contractor challenges the district court's ruling that its prelien notice did not meet the statutory requirements for print type, making its notice invalid and defeating its mechanic's lien. Appellant argues that a computer-generated document should be classified as "printed" rather than "typewritten" for purposes of Minn.Stat. § 514.011, subd. 1 (2004), and that the district court incorrectly applied the standard for typewritten documents to this computer-generated document. Because we find that the district court erred, we reverse and remand.

## FACTS

By written contract, appellant Interspace-West, Inc. agreed to build a home for respondent Gordon Wong. Because Interspace intended to employ subcontractors or material suppliers, or both, it was obligated by law to give to Wong a prelien notice. Interspace contends that it did give to Wong the requisite notice.

Disputes arose between Interspace and Wong during the construction of the home. Interspace ultimately filed a mechanic's lien against the property. Wong then brought a declaratory-judgment action, contending that Interspace is not entitled to a mechanic's lien because it did not provide a proper prelien notice.

Wong moved for summary judgment. In granting that motion and declaring Interspace's lien invalid, the district court ruled only on the issue of the form of the alleged prelien notice. The court held that neither of two alleged prelien notices complies with the statutory requirements as to form. Thus, the court did not reach the fact issues of what documents constituted the parties' contract and whether or not the alleged prelien notice was timely given. Interspace appeals from the court's ruling on the legal issue of the adequacy of the form of the alleged prelien notice.

## ISSUE

The prelien notice supplied to respondent was a computer-generated document. The statutorily mandated language appeared in the document in 12-point, bold-type font. Did the district court err by determining that this document was "typewritten" rather than "printed" and thus not in compliance with Minn.Stat. § 514.011, subd. 1 (2004), thereby entitling the property owner to judgment as a matter of law?

## ANALYSIS

*Prelien-Notice Compliance*

[redacted] The district court correctly held that a "[f]ailure to strictly comply with statutory prelien notice requirements de-

feats a mechanic's lien." The court then concluded that Interspace's September 29, 2003 prelien notice does not meet the statutory requirement of form because it is "a typewritten document" that must be all in capital letters and this notice is in bold print but not in capitals.

Minn.Stat. § 514.011, subd. 1 (2004), provides, in part, that if the prelien notice is in a "printed" document it must appear in "at least 10–point bold type," and if it is in a "typewritten" document it must appear "in capital letters." Interspace's notice of September 29, 2003, was computer-generated and appears in 12–point bold type. Interspace contends that the form of its notice satisfies the statutory "printed" notice requirement. Wong contends, and the district court agreed, that Interspace's notice is typewritten and, therefore, must be entirely in capital letters to comply with the statute. Thus, we are required to determine whether Interspace's computer-generated notice is "printed" or "typewritten." If the former, it complies in form with section 514.011, subd. 1; if the latter, it does not comply with the statute.

Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998). Words and phrases in statutes are to be construed according to their common and approved usages, unless special or technical meanings are provided. Minn.Stat. § 645.08 (2004). Section 514.011, subd. 1, contains no special or technical definitions of "printed" or "typewritten." Thus, we first look to the lexical meanings of those terms.

The term "printed" refers to an impression produced from ink on paper by a printing press or by an electronic printer. *American Heritage Dictionary of the English Language* 1108, (4th ed.2002).

"Typewritten" means something that is written on a typewriter. *Id.* at 1486.

Wong argues that the notice was typewritten because the information was typed into a machine by using a keyboard, a process substantially the same as that involved with a typewriter. Wong's interpretation of the statute places the focus on the method of input of the information that appears in the notice. Interspace emphasizes the output of the machine, focusing on how the notice appears after it has been produced, irrespective of its means of production.

This computer-generated notice has input characteristics of a typewritten document and output characteristics of a printed document. But we are persuaded that the concern of the statute, and the intent of the legislature, is to make the prelien notice sufficiently conspicuous so that an unwitting property owner will not lose his property to undisclosed subcontractors or material suppliers who acquire mechanics' liens. The supreme court explained this purpose of the statute by describing the historical problem that prompted the enactment of the prelien-notice requirement:

> In 1973, the legislature, at the urging of the attorney general, sought to correct a problem then frequently faced by homeowners when they entered into contracts with building contractors for the improvement of their property. Often, as the proponents of the legislation urged, a homeowner would find that, after he had paid the contractor in full, numerous other subcontractors or materialmen that were previously unknown to him had filed mechanics' liens against his property. To rectify this evil, the legislature added the notice requirements of § 514.011.

*Nasseff v. Schoenecker,* 312 Minn. 485, 490, 253 N.W.2d 374, 377 (1977).

■ The court in *Nasseff* stated that the purpose of the statute "was to protect an owner from hidden liens arising from labor or materials supplied to the contractor by subcontractors or materialmen ... whose identities were unknown and often unascertainable by the owner." *Id.* The purpose of the statute is to require the conveyance of notice. The focus is thus on output, that is, how and when the notice is given and what it contains. The manner in which information is entered into a machine seems irrelevant to the statutory purpose as long as the output complies with the statutory requirements. So, the proper focus is on the created document rather than the process of its creation.

■ In enacting the prelien-notice requirement, the legislature surely was aware in 1973 that construction contracts would be either typewritten or commercially preprinted, or a combination of both. Furthermore, the contracts were likely to have many provisions in the same font. If the prelien notice was to be effective, it would have to stand out from the rest of the provisions. A typewriter could produce type of a single size and could do so in capital letters. A printer could produce bold type of various sizes. Because of a typewriter's limitations, the surest way to make a notice provision conspicuous in a document was to require it to be produced in capital letters. The more versatile printer could both make the type size larger and more conspicuous through bold type. Thus, the distinction between typewritten and printed documents in the 1973 statute reflected an understanding of technological capabilities, but it was the final appearance of the document that made the difference in whether or not notice would be effective.

In the 21st century, the personal computer is ubiquitous and is fully capable of functioning much like a printer in that it can create bold-type font and various type sizes. The computer-generated notice at issue has sufficient characteristics of the "printed" document contemplated by the legislature in 1973 that it satisfies the requirement of the statute for "printed" notices. It exceeds the 10–point minimum and it is in bold-type font. Thus, we hold that the district court erred as a matter of law in classifying the September 29, 2003 prelien notice that Interspace gave as "typewritten" and, therefore, statutorily defective.

*Genuine Fact Issue*

■ Summary judgment is appropriate when there are no genuine issues of material fact and either party is entitled to judgment as a matter of law. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). On appeal from summary judgment, this court must determine whether there are any genuine issues of fact and whether the district court erred in its application of the law. *Wiederholt v. City of Minneapolis*, 581 N.W.2d 312, 315 (Minn.1998). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio*, 504 N.W.2d at 761. When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, reviewed de novo by the appellate court. *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 856 (Minn.1998).

Wong claims that the prelien notice should also be deemed defective because it was a document separate from the parties' contract. If a written contract exists between the parties, the prelien notice must be included in that contract. Minn.Stat. § 514.011, subd. 1. But Interspace contends that the prelien notice document was included in the packet of materials constituting the contract and, therefore, it should be considered to be part of the

contract. The questions of whether the prelien notice was timely, whether it was included in the parties' contract, and what writings constituted that contract are all genuine issues of material fact for resolution at trial.

## DECISION

Because the prelien notice appellant supplied was in 12–point, bold-type font, it satisfied the requirements of a "printed" document under Minn.Stat. § 514.011, subd. 1 (2004), and the district court's determination that the notice was defective because it was not in capital letters is reversed.

Because the questions of whether the prelien notice was timely, was included in the parties' contract, and what writings constituted the contract are questions of fact, we remand to the district court.

**Reversed and remanded.**