JOHN NELSON vs. WILLIAM W. SYKES and others.

July 14, 1890.

Mechanic's Lien—Act of 1889 not Retrospective.—The mechanics' lien law of 1889, (Laws 1889, c. 200,) did not affect the time within which statements for liens accruing under the prior law were to be recorded.

Appeal by defendants from an order of the district court for Hennepin county, *Smith*, J., presiding, overruling their demurrer to the complaint.

*Daniel Fish*, for appellants.

*A. B. Darelius*, for respondent.

GILFILLAN, C. J. The action is to foreclose a mechanic's lien accruing between May 26 and June 10, 1889. The verified statement or claim for a lien was recorded November 13, 1889. By the law in force when the lien accrued, the claimant had six months from the date of the last item within which to record the statement. By the mechanics' lien law passed April 24, 1889, (Laws 1889, c. 200,) the

claimant was required to have the statement recorded within 90 days from the date of the last item. The record in this case was within the 6 months, but not within the 90 days. By its terms the act of 1889 did not go into effect till October 1, 1889. It repealed the prior law on the subject, but contained (section 19) these provisos: "*Provided*, that this act shall not affect any rights existing, or suits pending, when it shall take effect: *Provided, further*, that proceedings begun to enforce liens after this act shall take effect shall conform, as far as practicable, to the provisions of this act." All matters saved by these provisos are governed by the prior law, and not by the law of 1889. The repeal is limited so as not to affect those matters.

The only question made in this case is, which law—that of 1889, or the prior law—controls in respect to the time in this case for recording the statement? The cases of *Bailey* v. *Mason*, 4 Minn. 430, (546,) and *Dunwell* v. *Bidwell*, 8 Minn. 18, (34,) cited by appellant, have no bearing on the interpretation of the act of 1889; for the repealing clause in the act considered in those cases (that of 1858) contained no reservation. Those cases decided that the unqualified repeal, by the act of 1858, of the prior law, took away all claims for lien under the prior law which had not been perfected by passing into judgments. The saving clause in the act of 1889 was intended to avoid such a result; and, to make sure of preventing it, the saving is, not merely that rights to liens under the prior law existing when the act should go into operation should not be taken away, but that they should not be affected at all. And so careful was the legislature to avoid touching prior liens, that pending suits to enforce such liens are not to be affected, but are to go on,—of course, according to the procedure under the prior law; and even future suits to enforce such prior liens are not required to conform, except so far as practicable, to the procedure established by the new law. In view of the exceeding care shown by the legislature in these provisos to avoid affecting existing rights, it is impossible to conclude that it intended to cut down the time allowed by the prior law to record the statement for the purpose of preserving and continuing the lien from 6 months to 90 days.

Order affirmed.