ARNOLD TELL *vs.* C. B. WOODRUFF, impleaded, etc.

December 2, 1890.

Mechanic's Lien—Laws 1889, c. 200.—Under a contract entered into before October 1, 1889, at which time Laws 1889, *c.* 200, went into effect, materials for the erection of a building were furnished and delivered,—a part of the same prior to October 1st, the balance thereafter.   The verified statement for a lien was made according to the requirements of section 8 of said chapter 200.   *Held,* sufficient.

Appeal by defendant Woodruff from a judgment of the district court for St. Louis county, where the action was tried by *Stearns,* J.

*Walter Ayers,* for appellant.

*Wm. B. Phelps,* for respondent.

COLLINS, J.   The plaintiff brought this action to foreclose a mechanic's lien, making the appellant, who also claimed a lien on the same premises, one of the defendants.   This claim for a lien the appellant alleged in his answer.   The court below refused to adjudge the amount found to be the value of appellant's materials a lien on the property, but awarded him a simple judgment therefor.   Although the counsel for the respondent argues several questions in his brief,

we are of the opinion that there is but one which requires special notice. From the facts found, over which there was no controversy, it appears that the contract—an entire one—under which appellant furnished his materials was entered into with a proper party on September 26, 1889. Two days later, September 28th, he delivered the greater part of the materials; the balance, October 12th, October 22d, and November 9th. The affidavit upon which he rests his claim for a lien was filed in due time, but was drawn in accordance with the requirements of Laws 1889, *c.* 200, § 8. This chapter, by express terms, did not go into effect until October 1, 1889, seven days after a large portion of the materials were delivered. The respondent claims, and the trial court held, that it should have been prepared in the form required by the provisions of Gen. St. 1878, *c.* 90; and, if this be so, the affidavit is confessedly insufficient and defective. As has been noticed, a part of the appellant's materials were not delivered until after the lien law of 1889 went into effect, which, except as to rights existing and suits pending, repealed nearly all of chapter 90. The sole question, heretofore referred to as the one which we feel called upon to discuss, is whether the appellant's affidavit should have been drawn in accordance with the terms of section 8, *supra*, or as provided in the earlier statute.

We are of the opinion that the affidavit is sufficient, and that the court below was in error. It is provided in section 19 of said chapter 200 "that this act shall not affect any rights existing or suits pending when it shall take effect," and, further, "that proceedings begun to enforce liens" after the act became a law should conform to its provisions so far only as was practicable. It is very obvious from the provisos that the legislature took great pains to protect those who had acquired rights by commencing to labor or to deliver materials, and those whose rights had fully accrued, but who had taken no steps towards securing them, as well as those who had to some extent gone forward in the way of enforcement. This was the view expressed in *Nelson* v. *Sykes*, 44 Minn. 68, (46 N. W. Rep. 207,) wherein it was held that one whose right to a lien had fully accrued prior to October 1st—that is, a person who had finished his work and labor, or one who had completed the delivery of materials, before the new law went into

effect—could record his statement for a lien within the six months prescribed in the old statute, and was not obliged to file it within the period fixed by the act of 1889,—this because the absolute right to a lien under the prior law, existing when the act of 1889 went into effect, was preserved by a proviso in the latter. But on October 1st, when the new statute took the place of the old, this appellant had not acquired a perfect right to his lien; for, under the terms of his contract, all of the materials had not yet been delivered. This feature might not prove of any consequence, however; for if the conclusion reached in *Frankoviz* v. *Smith*, 34 Minn. 403, (26 N. W. Rep. 225,) could be applied to a case like this, except as to the matter of contract, it would not be important that it be an entirety; the materials might as well be furnished on a running or open account. Be that as it may, it is obvious that appellant brought the premises in question within the operation of the lien law, and acquired a right under the old statute. But he could not proceed to enforce this right, which was incomplete, and he had no cause of action, until the new, in which were the saving clauses, had gone into operation. The right to bring his suit, acquired by appellant when his contract was performed, related back to the right which he secured upon delivering the first lot of materials. This was among the rights provided for in the act of 1889, which were not to be affected by its becoming the law. *Turney* v. *Saunders*, 5 Ill. (4 Scam.) 527; *Phillips* v. *Mason*, 7 Heisk. 61. The first 21 sections found in chapter 90, and chapter 200, (which took the place of those sections,) have the same purpose and agree in their general provisions, the design being to protect all who perform work or labor upon buildings and other structures, or who furnish materials for them. The methods by which the lien is to be made available under the latter statute are somewhat different from those prescribed in the earlier, but it was not incompetent for the legislators to change the manner of fixing the lien, and the remedies for its enforcement. The statute of 1889 expressly required that proceedings to enforce liens begun after it became the law should, as far as practicable, conform to its provisions. The forms and methods of chapter 90 went with the repeal, save as to acquired rights, inchoate or complete. Except as to these, the forms and

methods of procedure were to be those prescribed in chapter 200; and the statement for a lien under such circumstances can properly be made as therein provided.

The case is remanded, with directions that the entry of judgment be amended by adjudging the amount of the same a lien upon the premises described in the complaint.

MITCHELL, J.   I concur in the result.