ALBERT H. HILL and others *vs.* JOHN D. LOVELL, impleaded, etc.

SAME *vs.* HORACE C. HENRY, impleaded, etc.

November 2, 1891.

**Mechanics' Liens—Law Governing Lien-Statements.**—In the case of mechanics' liens accruing before or after October 1, 1889, when the law passed that year went into effect, the matter of the statement, both as to its contents and the time for filing it, must be controlled by the law in force when the lien accrued.

In the first of these cases, the defendant Lovell, a mortgagee, appeals from a judgment of the district court for Hennepin county, entered pursuant to the decision of *Pond*, J., establishing the priority of a subcontractor's lien of $215.50 and directing a sale, etc. In the second case the defendant Henry, owner of the building, appeals from a judgment of the same court, entered pursuant to the decision of *Lochren*, J., establishing and directing the enforcement of a subcontractor's lien of $712.27.

*Chas. J. Bartleson,* for appellant in each case.

*Frederick B. Lathrop* and *Wadsworth & Wadsworth,* for respondent in each case.

GILFILLAN, C. J. These are actions to enforce mechanics' liens for materials furnished. In the Lovell case the materials were furnished, under an entire contract for furnishing them, at various dates between July 25, 1889, and October 7, 1889, the latter being the date of the last delivery. The claim or statement for the lien was filed for record March 26, 1890. In the Henry case the materials were furnished between September 17, 1888, and April 23, 1889, that being the date of the last delivery. The lien-statement was filed for record October 22, 1889, but it is conceded to be insufficient in substance under the law as it existed prior to October 1, 1889, when the law passed April 24th in that year (Laws 1889, *c.* 200) went into effect. The question in each case is, which law, that of 1889, or the prior law, controls in the matter of the statement,—in the Lovell case, as to the time of filing; in the Henry case, as to the contents of the statement?

There are decisions of this court covering both points. In *Tell* v. *Woodruff,* 45 Minn. 10, (47 N. W. Rep. 262,) it was decided that where, under an entire contract, part of the materials were delivered before and part after October 1, 1889, the law of that year controlled as to what the statement should contain. In *Nelson* v. *Sykes,* 44 Minn. 68, (46 N. W. Rep. 207,) it was decided that where all the materials were delivered before October 1, 1889, the prior law controlled as to the time of filing the statement. The general proposition underlying both decisions is that, in view of the saving clause in the act of 1889, the statement, both as to its contents and the time of filing, comes under the law in force at the time when the right to the lien accrues and becomes complete. Filing the statement is not a proceeding to enforce the lien, but to preserve and continue it. It would be strange if, in this matter of preserving and continuing the lien, two laws should be in force at the same time,— one controlling as to the contents of the statement, the other as to the time of filing it. The law prior to October 1, 1889, not only gave the lien, but the right to continue and preserve it by complying with

its provisions. As the saving clause in the law of 1889 was construed in *Nelson* v. *Sykes*, it was intended that the rights given by the prior law should not only not be taken away, but should not be affected at all, by the later law. In *Bardwell* v. *Mann*, 46 Minn. 285, (48 N. W. Rep. 1120,) it was held, following the two decisions we have cited, that the law in force when the right to a lien accrued governed as to the contents of the statement; and in *Nystrom* v. *London, etc., Mortgage Co., supra*, p. 31, it was held that where the lien accrued prior to October 1, 1889, the law then in force governed as to the time of commencing the action to enforce it. As rights of property may have been acquired in reliance on these decisions, at least on the earlier ones, we should not feel disposed to overrule them; certainly not, unless we were fully convinced that they were wrong. As we are not satisfied they were wrong, we adhere to them. In the Lovell case the statement was not filed in time, and in the Henry case it was insufficient. In each case the part of the judgment appealed from must be reversed.