**ECLIPSE ARCHITECTURAL GROUP, INC., et al., Plaintiffs,**

v.

**Kevin LAM, et al., Defendants,**

**Brickwell Community Bank, Appellant,**

**Hunter Construction, Inc., et al., Respondents.**

No. A10–1607.

Court of Appeals of Minnesota.

May 31, 2011.

Katherine M. Melander, Stephen F. Buterin, Jeffrey A. Scott, Coleman, Hull & Van Vliet, PLLP, Minneapolis, MN, for appellant.

Ryan R. Dreyer, Morrison Fenske & Sund, PA, Minnetonka, MN, for respondents.

Considered and decided by STAUBER, Presiding Judge; KALITOWSKI, Judge; and COLLINS, Judge.*

## OPINION

STAUBER, Judge.

In this mechanic's lien dispute, appellant-bank argues that the district court erred by concluding that a lienor's delivery of a mechanic's lien statement constituted service of that statement for purposes of Minn.Stat. § 514.08, subd. 1(2), when such delivery did not satisfy Minn. R. Civ. P. 4.02. Because Minn. R. Civ. P. 4.02 does not apply to service of a mechanic's lien statement, we affirm.

## FACTS

Defendant Kevin Lam is the owner of Wing–Heng, Inc., which in turn owns and

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

operates a La Quinta Inns & Suites Hotel (the hotel). The hotel is situated on real property located in Ramsey County, (the property). In 2007, Wing–Heng hired respondent Hunter Construction, Inc. as general contractor for a project to renovate the hotel. To finance the renovation, Wing–Heng obtained two mortgage loans from appellant Brickwell Community Bank.

The renovation project was never completed, and in November 2007, plaintiff Eclipse Architectural Group, Inc. (Eclipse) brought an action to foreclose the mechanic's lien it had filed against the property. Appellant challenged the validity of Eclipse's mechanic's lien. In the meantime, mechanic's liens against the property were filed by defendant Midwest Building Maintenance, LLC (Midwest) and respondents Verde General Contractor, Inc. (Verde), and Hunter Construction, Inc.[1] Later, Midwest, Verde, and Hunter Construction brought crossclaims seeking to foreclose their respective mechanic's liens.

In September 2009, a trial was held. Ken Hunter, the owner of Hunter Construction, testified that the mechanic's lien statements were not served by certified mail. Rather, Hunter claimed that he personally delivered to Lam the lien statements on behalf of Midwest, Verde, and Hunter Construction. Appellant moved for a directed verdict dismissing the mechanic's liens foreclosures on the sole basis that the service requirements of Minn. Stat. § 514.08 (2010) and Minn. R. Civ. P. 4.02 were not satisfied because personal service of the mechanic's lien statements was accomplished by a party to the action.

The district court found that "the rules of civil procedure do not govern the procedures in Minn.Stat. §§ 514.01–.17 of the Mechanic's Lien Statute, to the extent

'they are inconsistent or in conflict with' the rules of civil procedure." The district court then found that section 514.08 and rule 4.02 are "inconsistent because a mechanic's lien statement does not constitute a summons or 'other process' within the meaning of Minn. R. Civ. P. 4.02." Thus, the district court held that service of the mechanic's lien statements was proper "within the meaning of Minn.Stat. § 514.08" because rule 4.02's requirement of personal service by a non-party "does not apply to service of a mechanic's lien statement." The district court further concluded that "Hunter—as a natural person—is not a party to this mechanic's lien action" because a corporate owner/employee is distinct from the corporate entity itself.

Appellant moved for amended findings of fact, conclusions of law, and order for judgment, or in the alternative, a new trial. The district court denied the motion. This appeal followed.

## ISSUE

Did the district court err by concluding that Minn. R. Civ. P. 4.02 does not apply to service of a mechanic's lien statement under Minn.Stat. § 514.08?

## ANALYSIS

Appellant argues that the district court erred in its interpretation and application of the personal service requirement under Minn.Stat. § 514.08. Construction of the mechanic's lien statute is a question of law that we review de novo. *Custom Design Studio v. Chloe, Inc.*, 584 N.W.2d 430, 432 (Minn.App.1998), *review denied* (Minn. Nov. 24, 1998).

"Mechanics liens are purely creatures of statutes and the rights of the parties are governed by the language of

---

1. Verde and Hunter Construction will collec-   tively be referred to as "respondents."

the statutes." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC,* 790 N.W.2d 167, 170 (Minn.2010) (quoting *M.E. Kraft Excavating & Grading Co. v. Barac Constr. Co.,* 279 Minn. 278, 283, 156 N.W.2d 748, 751 (1968)). The purpose of the mechanic's lien statutes "is to protect parties who provide services, work and materials, and a liberal construction is accorded to accomplish that purpose." 6 Steven J. Kirsch, *Minnesota Practice* § 32.1 (3d ed.1990); *see Ryan Contracting, Inc. v. JAG Inv., Inc.,* 634 N.W.2d 176, 190 (Minn.2001) (stating that "[t]he purpose of the Mechanics' Lien Statute is to protect the rights of workmen and materialmen who furnish labor and material in the improvement of real estate"), *overruled on other grounds by Mavco, Inc. v. Eggink,* 739 N.W.2d 148, 157 (Minn.2007); *Armco Steel Corp., Metal Prods. Div. v. Chicago & N.W. Ry. Co.,* 276 Minn. 133, 137, 149 N.W.2d 23, 26 (1967) (stating that "[m]echanics lien laws are remedial in nature, and we have consistently held over the years that they should be liberally construed so as to protect the rights of workmen and materialmen who furnish labor and material in the improvement of real estate").

Minn.Stat. § 514.11 (2010) provides that an action on a lien "may be commenced by any lienholder who has filed a lien statement for record and served a copy thereof on the owner pursuant to section 514.08." A right to file a lien ceases 120 days after the last item of work is performed or materials are provided, unless within this period (1) a statement of claim is filed with the county recorder, registrar of titles, or secretary of state, depending on the type of property involved and (2) "a copy of the statement is served personally or by certified mail on the owner or the owner's authorized agent or the person who entered into the contract with the contractor." Minn.Stat. § 514.08, subd. 1(1), (2).

▪ "The principal purpose of the [mechanic's lien] statement is to place the owner on notice that the contractor is not paying his or her bills." Kirsch, *Supra,* § 32.14. The lien statement is "not a substitute for a complaint and is not a first action required to enforce the lien. It is a statutory step required to prevent the lien from lapsing." *Id.; see Hill v. Lovell,* 47 Minn. 293, 294, 50 N.W. 81, 81 (1891) (stating that "[f]iling the statement is not a proceeding to enforce the lien, but to preserve and continue it"). The time limits for establishing a mechanic's lien are strictly construed, and failure to record the lien statement within 120 days of the contractor's final improvement or contribution invalidates the lien. *David–Thomas Cos. v. Voss,* 517 N.W.2d 341, 343 (Minn.App. 1994).

▪ Appellant argues that Hunter's hand delivery of the lien statements failed to satisfy the service requirements set forth in the mechanic's lien statutes. To support its claim, appellant argues that throughout Chapter 514, the legislature distinguishes between situations where formal service is required and situations where delivery is sufficient. For example, in section 514.11, the word "service" is used when describing the procedure for commencing a mechanic's lien foreclosure action. *See* Minn.Stat. § 514.11 (stating that in an action to foreclose a mechanic's lien, the summons "shall require each defendant to file an answer to the complaint with the court administrator within 20 days after *service* on the defendant" (emphasis added)). This language is similar to section 514.08, subdivision 1(2), which provides that a copy of the lien statement must be "*served personally* or by certified mail" on the property owner. Minn.Stat. § 514.08, subd. 1(2) (emphasis added). In contrast, the prelien notice statute pro-

vides that notice must be *"delivered* personally or by certified mail to the owner or the owner's authorized agent within ten days after the work of improvement is agreed upon." Minn.Stat. § 514.011, subd. 1 (2010) (emphasis added). Appellant argues that by distinguishing between "service" and "delivery" throughout Chapter 514, and then using the term "served personally" in Minn.Stat. § 514.08, subd. 1(2), the "legislature contemplated and required something more than simple 'delivery' of the [mechanic's] lien statement."

██ The object of statutory construction is "to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). If that intent is clear from the plain and unambiguous language of the statute, this court will apply the plain meaning of the statute. *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). "Under the basic canons of statutory construction, we are to construe words and phrases according to rules of grammar and according to their most natural and obvious usage." *ILHC of Eagan, LLC v. Cnty. of Dakota,* 693 N.W.2d 412, 419 (Minn.2005).

Here, the relevant statutory language contained in section 514.08, subdivision 1(2), provides that a copy of the lien statement must be "served personally or by certified mail" on the appropriate person within 120 days of doing the last of the work. But as appellant points out, the term "served personally" is not defined in the mechanic's lien statute. Appellant argues that because the mechanic's lien statutes do not define personal service, the formal service requirements contained in Minn. R. Civ. P. 4.02 must govern the service of lien statements.

Minn. R. Civ. P. 4.02 provides: "Unless otherwise ordered by the court, the sheriff or any other person not less than 18 years of age and *not a party to the action,* may make service of a summons or other process." (Emphasis added.) Appellant argues that because Hunter is a party to the action, his personal service on the property owner did not accomplish proper personal service of the lien statements. Thus, appellant contends that respondents' mechanic's liens are invalid and unenforceable because respondents did not properly serve the property owner with copies of the lien statements within 120 days of their last contribution to the improvements to the property.

██ The supreme court has held that Minn. R. Civ. P. 4.03 governing personal service applies to service of a *summons* for a mechanic's-lien action. *Ryan Contracting,* 634 N.W.2d at 186. Because the statute did not "specify how each step of the action must proceed ... the rules of civil procedure govern service of the summons in a lien action." *Id.* at 186 n. 11. "Where the lien statutes differ from the rules, the lien statutes continue to govern." *Id.*

Respondents argue that *Ryan Contracting* is distinguishable because the issue of service in that case concerned the initiation of a judicial foreclosure of a mechanic's lien. In contrast, the service at issue here concerns the service of a mechanic's lien statement, a "notice of *intention* to claim and hold a lien" upon real property. Minn.Stat. § 514.08, subd. 2(1) (emphasis added). Respondents claim this is separate and distinct from an *action* to foreclose a mechanic's lien. Respondents further argue that because the service of a mechanic's lien statement does not constitute a civil action, the applicability of the Minnesota Rules of Civil Procedure is not triggered. We agree.

The custom in the construction industry is for the person providing labor, material, or both, to personally prepare, personally serve, and personally record/register the lien statement. The mechanic's lien statement is a form, which is sometimes very simple, that provides the landowner with notice of the contractor's *intention* to claim and preserve a lien against the property. By recording the lien against the land title, the mechanic's lien statement allows the contractor to establish priority of the claim. Thereafter, if payment is not timely received, the contractor will commence legal proceedings to foreclose the lien preserved against the property improved, generally with the assistance of counsel. This process is laid out in the mechanic's lien statutes. *See* Minn.Stat. §§ 514.01–.17 (2010).

Rule 4.02, however, governs the service of a "summons or other process." The terms "summons" and "other process" denote some type of civil action. A "summons" is defined as "[a] writ of process commencing the plaintiff's action and requiring the defendant to appear and answer." *Black's Law Dictionary* 1574 (9th ed.1999). Because a service of a mechanic's lien statement does not require any court appearance or answer, we cannot conclude that a mechanic's lien statement qualifies as a "summons." Moreover, " '[o]ther process' refers primarily to various extraordinary writs: habeas corpus, mandamus, quo warranto, certiorari and similar process." 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 4.5 (5th ed.2009). Because we see no parallel between a mechanic's lien statement and "other process," we conclude that a mechanic's lien statement is not "other process" under Minn. R. Civ. P. 4.02.

We further note that the mechanic's lien statutes are, to the extent they are inconsistent with the rules of civil procedure, specifically excepted from application of those rules. *See* Minn. R. Civ. P. 81.01(a) and appendix A (providing that the Minnesota Rules of Civil Procedure do not govern the procedures in the mechanic's lien statutes to the extent that "they are inconsistent or in conflict with" the general rules of civil procedure); *see also Eischen Cabinet Co. v. Hildebrandt,* 683 N.W.2d 813, 818 n. 6 (Minn.2004). If the legislature intended the rules of civil procedure to govern service of a mechanic's lien statement, it would have clearly stated such intention. Therefore, because a mechanic's lien statement does not constitute a "summons or other process," no civil action is involved when a mechanic's lien statement is served or delivered upon a property owner, and the requirements of Minn. R. Civ. P. 4.02 are not triggered. *See* Minn. R. Civ. P. 81.01(a).

Because Minn. R. Civ. P. 4.02 is not applicable to service of a mechanic's lien statement, we need not address appellant's argument concerning Chapter 514's use of the words "delivery" and "service" throughout the mechanic's lien statutes or the question of whether Hunter's delivery was defective.

## DECISION

Because a mechanic's lien statement is not a "summons or other process," and because the mechanic's lien statutes are excepted from the Rules of Civil Procedure, Minn. R. Civ. P. 4.02 does not govern the service of a mechanic's lien statement for purposes of Minn.Stat. § 514.08, subd. 1. Accordingly, the district court did not err by concluding that service of the mechanic's lien statement was proper.

**Affirmed.**