# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-1989

Todd C. Sharkey
Appellant,

vs.

City of Shoreview, et al.,
Respondents,

Jerome P. Filla,
Respondent,

Kari L. Quinn,
Respondent,

Thomas R. Hughes, et al.,
Respondents.

**Filed September 22, 2014**
**Reversed and remanded**
**Klaphake, Judge[*]**

Ramsey County District Court
File No. 62CV129629

Zorislav R. Leyderman, The Law Office of Zorislav R. Leyderman, Minneapolis, Minnesota (for appellant)

Jessica E. Schwie, Matthew C. Tramm, PLLP, Jardine, Logan & O'Brien, Lake Elmo, Minnesota (for respondents Shoreview, et al.)

Bryon G. Ascheman, Chad J. Hintz, Burke & Thomas, P.L.L.P., Arden Hills, Minnesota (for respondent Jerome Filla)

Patrick J. Sauter, Mark R. Bradford, Christine E. Hinrichs, Bassford Remele, P.A., Minneapolis, Minnesota (for respondent Kari Quinn)

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Thomas R. Hughes, St. Paul, Minnesota (attorney pro se and for respondent Gregory Holly)

Considered and decided by Peterson, Presiding Judge; Schellhas, Judge; and Klaphake, Judge.

## S Y L L A B U S

1.      A motion to dismiss under Minn. R. Civ. P. 12.02(e) is not a "responsive pleading" for purposes of amendment as a matter of course under Minn. R. Civ. P. 15.01.

2.      Under Minn. R. Civ. P. 15.01, a party has an absolute right to amend a pleading once as a matter of course before a responsive pleading has been served.

## O P I N I O N

**KLAPHAKE**, Judge

Appellant Todd C. Sharkey appeals the district court's dismissal of his amended complaint for untimeliness, arguing that he has an absolute right to amend his complaint as a matter of course under Minn. R. Civ. P. 15.01 and that the district court did not have discretion to reject his amendment.  He also appeals the dismissal of his claims against three respondents under Minn. R. Civ. P. 12.02(e), asserting that the district court improperly determined respondents are entitled to prosecutorial immunity.  Lastly, appellant argues that the district court should have liberally construed his complaint as seeking declaratory relief.  Because the district court erred by refusing to allow appellant to amend his complaint once as a matter of course before dismissing his original complaint with prejudice, we reverse and remand for the district court to consider appellant's amended complaint upon the merits.

2

**FACTS**

In 2006, appellant's parents applied for a minor subdivision and variance for their property in Shoreview, Minnesota, and their application was denied. Appellant began attending Shoreview City Council meetings to address his discontent with this denial by speaking during a three minute "citizen comment period." Appellant continued to attend city council meetings and speak during the citizen-comment period through 2010.

Appellant and respondent Jerome P. Filla, Shoreview's city attorney, attended a city council meeting on May 17, 2010. At the beginning of the citizen comment period, appellant "approached the podium very agitated." *State v. Sharkey*, No. A11-1108, 2012 WL 1970057, at *2 (Minn. App. June 4, 2012). Respondent Mayor Sandra C. Martin then addressed appellant, and appellant became "boisterous and noisy." *Id.* An exchange between appellant and respondent Martin then took place. Appellant was subsequently removed by Ramsey County sheriffs, transported to Ramsey County jail, detained for two days, and charged with disorderly conduct. Because respondent Filla was present at the 2010 meeting, respondent Thomas R. Hughes prosecuted appellant's criminal case. Respondents Kari L. Quinn and Gregory Holly also appeared on two separate occasions to prosecute respondent's criminal case.

The district court convicted appellant on two counts of disorderly conduct. *Id.* at *1. We reversed his convictions on First Amendment grounds, holding that "the district court improperly relied on protected conduct, and [his] unprotected conduct [was] insufficient to support the convictions." *Id.* at *4.

3

On November 29, 2012, appellant filed a pro se complaint against respondents, alleging various causes of action. Respondents moved to dismiss appellant's complaint under Minn. R. Civ. P. 12.02(e), for failure to state a claim upon which relief can be granted. On May 2, 2013, two weeks before the scheduled motion hearing and before respondents served answers, appellant filed an amended complaint. All respondents moved to dismiss appellant's amended complaint. After a hearing on respondents' motions to dismiss, the district court concluded that under Minn. R. Civ. P. 15.01, appellant "failed to timely bring an amended complaint," and it would not consider the amended complaint on respondents' rule 12 motions to dismiss. The court dismissed all of appellant's claims against respondents based on appellant's original complaint. This appeal followed.

## ISSUES

Did the district court err by failing to allow appellant to amend his complaint before granting respondents' motions to dismiss?

## ANALYSIS

Appellant asserts that the district court erred by refusing to consider his amended complaint on respondents' motions to dismiss, and requests that this court reverse the district court's dismissal of his complaint and remand with instructions to accept and consider his amended complaint. Minn. R. Civ. P. 15.01 provides that "[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . . [o]therwise a party may amend a pleading only by leave of court or by written consent of the adverse party." Generally, we will not reverse a district court's

4

decision to permit or deny an amendment to pleadings absent a clear abuse of discretion. *Johns v. Harborage I, Ltd.*, 664 N.W.2d 291, 295 (Minn. 2003). However, the "[c]onstruction and application of the Minnesota Rules of Civil Procedure is . . . a question of law that we review de novo." *Eclipse Architectural Grp., Inc. v. Lam*, 814 N.W.2d 692, 696 (Minn. 2012).

In dismissing appellant's amended complaint, the district court noted that appellant filed his amended complaint after all respondents filed motions to dismiss, almost six months after the original complaint was served, and that "while more facts are included, the nature of the relief sought by [appellant] is ultimately the same as the original complaint." The district court reasoned that "Minnesota courts have denied motions to amend complaints when a plaintiff waited months after initial service to amend the complaint." Appellant argues that he had a right as a matter of course to amend his complaint under rule 15.01 and that the district court had no discretion to reject his amendment.

Appellant maintains that a motion to dismiss under Minn. R. Civ. P. 12.02(e) is not a "responsive pleading" for purposes of rule 15.01, and therefore he was not precluded from amendment as a matter of course because respondents had not yet served a responsive pleading. We agree. Although no Minnesota case addresses this issue, Minn. R. Civ. P. 7.01 and 7.02 provide relevant guidance. Under rule 7.01, a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, and a third-party answer are all documents that are to be considered pleadings under the rules. Rule 7.02 addresses "[m]otions and [o]ther [p]apers." By differentiating between

5

documents that are pleadings and motions, rules 7.01 and 7.02 indicate that a motion to dismiss is not a responsive pleading.

Furthermore, courts interpreting the federal equivalent of rule 15.01 do not consider a motion to dismiss to be a responsive pleading.[1] *See, e.g.*, *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (stating that "[f]or purposes of Rule 15(a), a motion to dismiss does not constitute a responsive pleading"); *accord Winfrey v. Brewer*, 570 F.2d 761, 764 n.4 (8th Cir. 1978). While not controlling, federal cases interpreting the federal rules are helpful and instructive in interpreting state rules modeled after the federal rules. *Johnson v. Soo Line R.R.*, 463 N.W.2d 894, 899 n.7 (Minn. 1990). Because a motion to dismiss is not a responsive pleading under rule 15.01, appellant was not precluded from amending his complaint as a matter of course.

Appellant next asserts that his right to amend as a matter of course is absolute and the district court did not have the discretion to reject his amended complaint. We agree. Rule 15.01 clearly differentiates between an amendment made before a responsive pleading is served and a later amendment. Before a responsive pleading is filed, the rule permits a party to amend a complaint "as a matter of course." This language does not vest the district court with discretion to reject such an amendment. In contrast, after a responsive pleading is filed, a party may amend only by agreement or "by leave of court." The unambiguous language of rule 15.01 directs that amendments as a matter of course are meant to be routine and not subject to discretionary judicial review. *See*

---

[1] Fed. R. Civ. P. 15 was amended in 2009. Fed. R. Civ. P. 15 2009 advisory comm. note. However, the pre-2009 version mirrors our current rule 15. *See* Fed. R. Civ. P. 15(a)(1) (2008).

*Black's Law Dictionary* 1068 (9th ed. 2009) (defining "matter of course" as "[s]omething done as a part of a routine process or procedure").

Respondents contend that the district court properly considered the timeliness of appellant's amendment. However, the cases respondents cite are unpersuasive, as they address the timeliness of motions for leave to amend a complaint, and not the timeliness of amendments as a matter of course. *See, e.g.*, *Sheehan v. St. Peter's Catholic Sch.*, 291 Minn. 1, 6, 188 N.W.2d 868, 871 (1971) (addressing a motion for leave to amend a complaint filed two years after the defendant answered); *Davis v. Midwest Disc. Sec., Inc.*, 439 N.W.2d 383, 388-89 (Minn. App. 1989) (affirming a denial of a motion to amend for untimeliness, prejudice, and as legally deficient, filed a year after a previous motion to amend was granted). The district erred by failing to address appellant's amended complaint, instead of his original complaint, on respondents' motions to dismiss.

Respondents City of Shoreview, Martin, and Filla maintain that, because appellant has not specifically appealed the district court's dismissal of claims against them, he has waived the right to appeal his claims as to each respondent, whether set forth in his complaint or amended complaint. Additionally, respondents Quinn, Hughes, and Holly urge this court to affirm the district court's dismissal of claims against them based on prosecutorial immunity, which appellant challenges on appeal. However, the appropriate remedy is to remand for the district court to consider respondents' motions to dismiss in light of the amended complaint. Review of whether the district court properly dismissed

7

appellant's claims against respondents is premature until the district court considers appellant's amended complaint upon the merits.

## D E C I S I O N

Under Minn. R. Civ. P. 15.01, appellant had an absolute right to amend his complaint one time as a matter of course before a responsive pleading was served. Respondents' rule 12.02(e) motions to dismiss are not responsive pleadings for purposes of rule 15.01, and because respondents have not filed responsive pleadings, the district court erred by refusing to allow appellant to amend his complaint once as a matter of course. We reverse the district court's dismissal of appellant's complaint as to all respondents, and remand with instructions to accept appellant's amended complaint for consideration upon the merits.

**Reversed and remanded.**