*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0911**

Kristina Jean Powers,
Appellant,

vs.

Superintendent James Freihammer,
in his official capacity, et al.,
Respondents.

**Filed February 1, 2016
Affirmed
Halbrooks, Judge**

Wabasha County District Court
File No. 79-CV-14-997

Kristina J. Powers, Wabasha, Minnesota (pro se appellant)

Trevor S. Helmers, Abby M. Novak, Rupp Anderson Squires & Waldspurger, P.A., Minneapolis, Minnesota (for respondents)

Considered and decided by Halbrooks, Presiding Judge; Stauber, Judge; and Reyes, Judge.

# UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant challenges the district court's dismissal of her data-practices claim. We affirm.

## FACTS

Appellant Kristina Powers has been before this court in the past. The facts underlying the history between Powers and respondents Wabasha-Kellogg Independent School District No. 811 and the school district superintendent are set forth in our decision affirming the district court's grant of a harassment restraining order (HRO), which prohibited Powers from contacting the superintendent or his family. *See Freihammer v. Powers*, No. A09-1562, 2010 WL 2362957, at *1-3 (Minn. App. June 15, 2010).

Since that decision, Powers has initiated multiple legal actions against respondents. Powers filed a charge with the Equal Employment Opportunity Commission (EEOC) based on alleged discrimination by school district employees. The EEOC dismissed the charge as untimely. Powers filed a retaliation claim against the school district in federal district court. The federal district court dismissed the case for failure to state a claim on which relief could be granted. While the retaliation claim was pending, Powers filed a 42 U.S.C. § 1983 claim against the school district in federal district court for denying her due-process rights by violating the Minnesota Government Data Practices Act (MGDPA). The federal district court dismissed that claim with prejudice.

Powers then sent a letter to the superintendent's attorney, requesting all data pertaining to an investigation into alleged wrongdoing by the superintendent from 2008 to 2009 and any complaints or charges made in her name against the school district or its employees. The school district responded, informing Powers that any data related to the investigation from late 2008 to early 2009 is "private personnel data" that is protected under the MGDPA. But it disclosed that there were some "[a]llegations of inappropriate

2

behavior towards staff members" by the superintendent and that the allegations had been "fully investigated" by the school district and that "no disciplinary action was taken."

Powers replied by requesting copies of e-mails authored in her name to the school board that were sent from 2008 and early 2009 as well as a summary "of any data about [Powers] or allegedly authored by [Powers] which [the school district has] classified as confidential." The school district responded, stating that it could not disclose the files from the 2008 to 2009 investigation.

Powers made a third data request for essentially the same information as well as summaries of that information. The school district advised Powers that it had already turned over what data it had. The school district also advised Powers that it could not turn over summaries of private or confidential information as a way of allowing her access to information that she would otherwise not be able to receive.

After the school district's last response, Powers sent the school district a notice-of-claims letter informing it that she believed that the school district's refusal to turn over the documents violated the MGDPA. She then served a complaint alleging, in relevant part, that respondents violated the MGDPA when they refused to turn over the e-mails authored in her name and sent to the school board. Respondents responded with a motion to dismiss on three grounds: (1) collateral estoppel, (2) res judicata, and (3) failure to state a claim on which relief could be granted. Powers opposed the motion.

The district court granted the motion to dismiss, ruling that the facts alleged did not entitle Powers to access the data under any provision of the MGDPA. Accordingly, the district court determined that Powers failed to state a claim on which relief could be

granted. In addition, the district court determined that the doctrines of collateral estoppel and res judicata barred Powers's claim and cautioned Powers that the litigation was frivolous and if she continued to pursue the claim, she could be subject to sanctions. This appeal follows.

## D E C I S I O N

### I.

Powers argues that the district court erred in dismissing her MGDPA claim under Minn. R. Civ. P. 12.02(e). She challenges the district court's ruling that the complaint does not set forth a legally sufficient claim that respondents had violated Minn. Stat. § 13.39, subd. 2(b) (2014), or Minn. Stat. § 13.43, subd. 2(d) (2014).

"We review de novo whether a complaint sets forth a legally sufficient claim for relief." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 606 (Minn. 2014). On review of a district court's grant of a motion to dismiss under rule 12.02(e), "we consider only the facts alleged in the complaint, accepting those facts as true." *Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013) (quotation omitted). A claim is sufficient to survive a motion to dismiss "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *N. States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963); *see also Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010). We also review de novo the district court's interpretation of the MGDPA. *See Helmberger v. Johnson Controls, Inc.*, 839 N.W.2d 527, 531 (Minn. 2013).

The MGDPA seeks "to balance the rights of individuals (data subjects) to protect personal information from indiscriminate disclosure with the right of the public to know

4

what the government is doing." *Demers v. City of Minneapolis*, 468 N.W.2d 71, 72 (Minn. 1991). The act "establishes a presumption that government data are public and are accessible by the public for both inspection and copying unless there is federal law, a state statute, or a temporary classification of data that provides that certain data are not public." Minn. Stat. § 13.01, subd. 3 (2014); *see also* Minn. Stat. § 13.03, subd. 1 (2014) (stating that government data "collected, created, received, maintained or disseminated by a government entity" is public unless otherwise classified). "'Not public data' are any government data classified by [law] as confidential, private, nonpublic, or protected nonpublic." Minn. Stat. § 13.02, subd. 8a (2014).

Relevant to this dispute, the MGDPA classifies as "not public data" any "data collected by a government entity as part of an investigation undertaken for the purpose of the commencement or defense of a pending civil legal action." Minn. Stat. § 13.39, subd. 2(a) (2014); *see also* Minn. Stat. § 13.02, subd. 8a. An exception to this classification is that "[a] complainant has access to a statement provided by the complainant to a government entity," even if the data is otherwise inaccessible under section 13.39, subdivision 2(a). Minn. Stat. § 13.39, subd. 2(b). Similarly, section 13.43, subdivision 2(d) allows a "complainant . . . access to a statement provided by the complainant to a government entity in connection with a complaint or charge against an employee."

On appeal, Powers concedes that the e-mails would generally be classified as not public, but argues that she is entitled to access under Minn. Stat. §§ 13.39, subd. 2(b), .43, subd. 2(d). We understand her argument to be that because the school district viewed her as the sender of the e-mails, for purposes of the MGDPA, she is the "complainant" and

5

each e-mail is "a statement provided by the complainant." But our review presumes the truth of the facts alleged in the complaint, and this argument cannot be reconciled with the facts alleged.

The theory of Powers's complaint is that she did not send the e-mails—the e-mails were sent by an unknown person who impersonated Powers, and respondents' refusal to release the data hampered her efforts to clear her name. Throughout her complaint, Powers consistently denies being the author of the e-mails or having filed any complaint against the superintendent. The complaint alleges, "[Powers] had deliberately never filed a formal complaint of any sort against [the superintendent] . . . ." It also alleges that "she does not even know for certain what the [e-mails] contain." Further, it alleges "that [Powers] is the victim of identity theft/impersonation" and that respondents "deprived [Powers] of the ability to obtain the school board emails and investigate who impersonated her, to hold them legally responsible, and to clear her name." In sum, the complaint alleges that Powers is not the sender of the e-mails that she seeks to access.

Because our review presumes the truth of the allegations in the complaint, we cannot conclude that Powers is a complainant seeking access to a statement that she provided to the school district. Thus, the complaint fails to set forth a legally sufficient claim that respondents violated Minn. Stat. §§ 13.39, subd. 2(b), .43, subd. 2(d), by withholding the

6

e-mails. We conclude that the district court properly dismissed Powers's MGDPA claim for failure to state a claim.[1]

**II.**

Powers argues that the district court erred by failing to address her motion to amend her complaint under Minn. R. Civ. P. 15.01. "Generally, we will not reverse a district court's decision to permit or deny an amendment to pleadings absent a clear abuse of discretion." *Sharkey v. City of Shoreview*, 853 N.W.2d 832, 834 (Minn. App. 2014).

Under rule 15.01, "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served." A rule 12.02(e) motion to dismiss is not a responsive pleading for the purposes of this rule. *Sharkey*, 853 N.W.2d at 835.

After respondents filed their motion to dismiss, Powers filed a document captioned in part, "notice of motion and motion for leave to amend her complaint." In this "notice of motion and motion," Powers stated that "if necessary and appropriate," she would bring a motion to amend her complaint at or after the hearing on respondents' motion to dismiss.

> [Powers] will, if necessary and appropriate, bring a Motion for Leave to Amend her Complaint and to file a Motion to Compel Discovery pursuant to Minn. Stat. § 13.03, Subd. 6, before the Court. . . . [Powers] will proceed with this Motion at the hearing if [respondents] make definitive and affirmative statements regarding the existence of the school board emails and/or acknowledge [the superintendent's] June 2, 2009, testimony that [Powers] filed a document entitled "grievance" within [the school district] in October 2007. Additionally, [Powers] will proceed with this Motion if [respondents] still

[1] Because we affirm the district court's decision on the merits of the rule 12.02(e) motion, we need not reach the district court's determination that this claim was also barred by res judicata and collateral estoppel.

7

> claim that [Powers] failed to properly plead an allegation in Paragraph 72 of her Complaint.
>
> Said motion will be based on the arguments set forth in [Powers's] Responsive Memorandum of Law in Opposition to Defendant's Motion to Dismiss pursuant to Minn. R. Civ. Pro. 12.02(e) . . . .

In her memorandum in opposition to the motion to dismiss, Powers requested that the district court "require [respondents] to make a definitive 'yes' or 'no' statement as to the existence of the emails, and, if necessary, grant [Powers] leave to amend to include new information and an action to compel discovery." She also requested that the district court "require [respondents] to make a definitive statement regarding [the superintendent's] testimony about [Powers's] 'grievance,' and, if necessary, grant [Powers] leave to amend her complaint." Finally, she requested that she be allowed to amend her complaint if the district court found it necessary in order for her to respond to the contention that she did not provide sufficient factual support.

In response to Powers's motion, respondents acknowledged Powers's right under rule 15.01 to amend her complaint once as a matter of course. Thereafter, Powers took no further action on her motion. We conclude that Powers did not file a proper motion to amend under rule 15.01. Rather, she filed a conditional request to amend as an attempt to obtain discovery, in particular admissions, from the school district. We conclude that the district court acted within its discretion in its handling of this improper motion.

**III.**

Powers argues that the district court violated rule 2.9(C) of the Code of Judicial Conduct and that this violation requires us to reverse and remand based on the supreme

8

court's analysis in *State v. Dorsey*, 701 N.W.2d 238 (Minn. 2005). Rule 2.9(C) states, "A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed." Powers contends that the district court violated rule 2.9(C) by taking judicial notice of the 2009 HRO court record without providing notice to the parties.

At the outset, we note that Powers provides no support or analysis for her contention that a violation of this rule necessitates reversal in a civil case. In *Dorsey*, the defendant relied on Minn. R. Crim. P. 26.03, subd. 13(3) (now subd. 14(3)), which states that "[a] judge must not preside at a trial or other proceeding if disqualified under the Code of Judicial Conduct." Further, the supreme court ultimately reversed and remanded in *Dorsey* based on the criminal defendant's Sixth Amendment right to an impartial judge and fact-finder. *Dorsey*, 701 N.W.2d at 253. Neither basis for reversal in *Dorsey* applies here.

In addition, the nature of the investigation in *Dorsey* is distinguishable. In *Dorsey¸* the district court independently investigated the date of death of an individual in order to decide the veracity of a witness's testimony during a bench trial. *Id.* at 243-44. The district court then, acting as the finder of fact, decided that the witness was not credible in part because her testimony was inconsistent with the information the district court had independently discovered. *Id.* at 244-45. Here, the alleged violation is that the district court took judicial notice of prior litigation between Powers and the superintendent, which Powers referenced and relied on in her own complaint.

Moreover, even if rule 2.9(C) of the Code of Judicial Conduct provided a mechanism to reverse, the district court here did not violate it. Powers argues that the

district court violated rule 2.9(C) when it took judicial notice of the 2009 HRO record. But it is well settled that, when deciding a motion to dismiss, a district court may "consider matters outside the pleadings if the pleadings refer to or rely on the outside matters."[2] *In re Individual 35W Bridge Litig.*, 787 N.W.2d 643, 647 (Minn. App. 2010), *aff'd*, 806 N.W.2d 820 (Minn. 2011). Powers referred to and relied on the 2009 HRO record extensively in her complaint; thus the district court properly considered that record. Further, because respondents moved to dismiss based on collateral estoppel and res judicata based in part on decisions made in the 2009 HRO proceeding, the district court was required to consider whether the facts and issues raised in this litigation were the same. *See State v. Lemmer*, 736 N.W.2d 650, 659 (Minn. 2007); *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004). The district court could not make this ruling without reference to the 2009 HRO proceeding.

Finally, Powers's reliance on the 2009 HRO record, as well as the motion to dismiss, provided notice to Powers of which portions of the record the district court would need to reference. *See In re Welfare of D.J.N.*, 568 N.W.2d 170, 175 (Minn. App. 1997) ("[An affected party] is entitled to notice that identifies the portions of the record that the court will consider in determining adjudicative facts in the case."). We therefore conclude that the district court properly took judicial notice of the 2009 HRO proceeding.

---

[2] We also note that the district court's consideration of materials referenced or relied on in the complaint does not convert a motion to dismiss to one for summary judgment. *N. States Power Co. v. Minn. Metro. Council*, 684 N.W.2d 485, 490 (Minn. 2004).

Powers argues in the alternative that the district court was biased because it did not consider her arguments from her response to respondents' motion to dismiss.  We are not persuaded.  Adverse rulings are not a basis for imputing judicial bias.  *Ag Servs. of Am., Inc. v. Schroeder*, 693 N.W.2d 227, 236-37 (Minn. App. 2005).  The record indicates that the district court demonstrated great patience in thoroughly addressing issues that had been raised before it in multiple ways.  The district court considered all of Powers's arguments but was not persuaded by them.  There is no evidence of judicial bias in this record.

**Affirmed.**