*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A24-0562**

Bryan M Holl,
Appellant,

vs.

Moose Lake Correctional Facility,
Respondent.

**Filed November 18, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Carlton County District Court
File No. 09-CV-22-2252

Bryan M. Holl, Moose Lake, Minnesota (pro se appellant)

Keith Ellison, Attorney General, Madeline M. Sheehy, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Harris, Presiding Judge; Larkin, Judge; and Smith, Tracy M., Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Bryan M. Holl challenges the district court's dismissal of his Eighth Amendment claim alleging a violation of his right to sanitary living conditions during his confinement at a Minnesota correctional facility. Holl also challenges the district court's denial of his motion to amend the complaint. We affirm.

**FACTS**

Holl was incarcerated at the Minnesota Correctional Facility at Moose Lake (MCF-ML). In December 2022, Holl commenced an action for monetary damages against MCF-ML for violating his Eighth Amendment right to sanitary living conditions by failing to regularly provide him with clean clothes. The complaint alleges that there were two laundry-soap shortages that prevented Holl from washing his clothes. It alleges that the first shortage occurred from approximately November 9 to November 30, 2022, and the second from December 8 to at least December 19, 2022, the date Holl signed the complaint.

Holl attached to the complaint two of his communications with MCF-ML staff regarding the soap shortages. In the first communication, Holl informed staff that the facility had not had laundry soap for over a week and asked when soap would arrive; staff responded that an order was being processed and that the estimated arrival date was unknown. In the second communication, Holl informed staff that the facility still had no laundry soap; staff responded that soap should arrive by mid-December 2022, citing "supply chain issues" as a factor "compounding" the shortage. In that communication, staff also encouraged Holl to try ordering detergent through the facility canteen, where soap could be purchased, or through indigent supplies, where soap could be accessed for free if Holl qualified.

MCF-ML filed a motion to dismiss Holl's complaint pursuant to Minnesota Rule of Civil Procedure 12.02(e), arguing that the complaint failed to state a claim on which relief could be granted.

Two weeks later, Holl filed a motion to amend the complaint as a matter of course pursuant to Minnesota Rule of Civil Procedure 15.01. The proposed amendments include a citation to 42 U.S.C. § 1983 (2018) as the mechanism authorizing Holl's claim; an allegation that MCF-ML had announced that it would discontinue its policy of providing incarcerated persons with free laundry soap; the addition of four MCF-ML officials as defendants; and a request for additional forms of relief, including injunctions, punitive damages, and a jury trial.

Following a hearing on the motions, the district court granted MCF-ML's motion to dismiss and denied Holl's motion to amend. The district court concluded that dismissal was proper because Holl had "never been denied use of laundry facilities, including free soap." The district court concluded that denial of the motion to amend was appropriate because the proposed amendments did not support a claim that could survive the motion to dismiss and granting the motion would therefore be futile.

Holl appeals.

## DECISION

### I.  The district court did not err by granting MCF-ML's motion to dismiss.

Holl challenges the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted. He contends that he sufficiently alleged that MCF-ML violated his rights under the Eighth Amendment.

Appellate courts review de novo a district court's dismissal of a case for failure to state a claim on which relief can be granted pursuant to Minnesota Rule of Civil Procedure 12.02(e). *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 229 (Minn. 2008). In deciding a

3

rule 12.02(e) motion, "the question . . . is whether the complaint sets forth a legally sufficient claim for relief." *Id.* Appellate courts must "consider only the facts alleged in the complaint," presume all facts alleged are true, and make all reasonable inferences in favor of the nonmovant. *Bahr v. Capella Univ.*, 788 N.W.2d 76, 80 (Minn. 2010) (quotation omitted). Legal conclusions and labels in the complaint are not presumed to be true. *See id.* In reviewing a district court's decision to grant a motion to dismiss, an appellate court may "consider documents that are embraced by the complaint." *Greer v. Pro. Fiduciary, Inc.*, 792 N.W.2d 120, 126-27 (Minn. App. 2011).

The Eighth Amendment to the U.S. Constitution prohibits infliction of "cruel and unusual" punishment. U.S. Const. amend. VIII. The protections of the Eighth Amendment apply to the states through the Due Process Clause of the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 666 (1962); *id.* at 675 (Douglas, J., concurring). "The basic concept underlying the Eighth Amendment is nothing less than the dignity of man." *Trop v. Dulles*, 356 U.S. 86, 100 (1958). Interpretation of the scope of the Eighth Amendment requires courts to consider "the evolving standards of decency that mark the progress of a maturing society." *Id.* at 101. While the Constitution "does not mandate comfortable prisons," a deprivation that denies an incarcerated person "the minimal civilized measure of life's necessities" is "sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quotations omitted). The Eighth Circuit has explained that, under the Eighth Amendment, incarcerated persons "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges,

4

particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

For a court to determine that a prison official has violated the Eighth Amendment, the complainant must show that (1) a sufficiently serious deprivation of the incarcerated person's rights occurred and (2) the official acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

With these principles in mind, we turn to Holl's allegations. In his complaint, Holl alleges facts regarding two periods of time in November and December 2022 in which MCF-ML experienced laundry-soap shortages. He alleges that those shortages prevented him from washing his clothing. Presuming all facts in the complaint and the accompanying documents are true and making all reasonable inferences in favor of Holl, we conclude that Holl failed to allege a colorable claim under the Eighth Amendment for the following reasons.

First, for Holl's claim to withstand the motion to dismiss, it must allege a "sufficiently serious" deprivation of rights. *See Farmer*, 511 U.S. at 834. The seriousness component of an Eighth Amendment conditions-of-confinement claim is an objective standard. *See Seiter*, 501 U.S. at 298. Holl's complaint alleges that, for two brief periods of time, MCF-ML experienced laundry-soap shortages that deprived him of the ability to wash his clothes. The communications that Holl submitted with his complaint show that MCF-ML staff acknowledged the shortages and encouraged Holl to purchase laundry soap through the facility canteen or obtain it for free through indigent supplies. The brief

shortages of soap alleged by Holl, especially in the context of the solutions suggested by MCF-ML staff, are not sufficiently serious to support an Eighth Amendment claim.[1]

Second, to withstand the motion to dismiss, Holl's complaint must allege that MCF-ML staff acted with "deliberate indifference" to Holl's health or safety. *See Farmer*, 511 U.S. at 834. The complaint does not expressly address indifference, or any other state of mind, of MCF-ML staff regarding the soap shortage. The communications submitted with the complaint contain statements by two staff members, who each responded to Holl within one day of his inquiries. The first communication informs Holl that an order was coming to the facility, though its arrival date was unknown. The second states that soap was expected by the end of the week and provides Holl with a recommendation of two alternative sources for soap. These communications do not evidence deliberate indifference by MCF-ML staff and, instead, show efforts to timely resolve the issue and inform Holl of alternative soap sources.

Because the complaint and accompanying documents do not sufficiently allege a violation of the Eighth Amendment, the district court did not err by dismissing Holl's complaint.[2]

---

[1] The complaint also asserts that "[t]he resulting danger to the prisoners['] hea[l]th" from failing to provide clean clothes "is manifest in the [p]arasitic skin conditions which often plague the prisoners." While the complaint makes this general assertion about a danger of failing to provide clean clothes, it makes no factual assertion about Holl's own health condition as a result of the two shortage periods.

[2] In its briefing, MCF-ML provides an alternative ground to justify dismissal, arguing that Holl is not entitled to monetary damages because MCF-ML is an entity of the state and so is immune from suit for damages under 42 U.S.C. § 1983. Because we affirm the district

**II.     The district court's denial of Holl's motion to amend is not reversible error.**

Holl argues that the district court erred by denying his motion to amend the complaint because he had an absolute right to amend his complaint before a responsive pleading was served.

"Generally, the decision to permit or deny amendments to pleadings is within the discretion of the district court and will not be reversed absent a clear abuse of discretion." *Johns v. Harborage I, Ltd.*, 664 N.W.2d 291, 295 (Minn. 2003). The application of the Minnesota Rules of Civil Procedure, however, is a question of law that appellate courts review de novo. *Sharkey v. City of Shoreview*, 853 N.W.2d 832, 834 (Minn. App. 2014). Minnesota Rule of Civil Procedure 15.01 provides, "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served."

Here, MCF-ML filed a motion to dismiss under rule 12.02(e). Holl then filed what he captioned a "motion to amend complaint"—which was the amended complaint—and a "notice of motion"—which stated that, at a hearing in October 2023, Holl would ask the district court to enter his amended complaint pursuant to his right to amend the complaint as a matter of course under rule 15.01. Following a hearing on the parties' motions, the district court denied Holl's motion to amend the complaint because the proposed amendments were futile.

Holl argues that the district court did not have discretion to reject his amended complaint because he filed it before MCF-ML served a responsive motion. A motion to

court's dismissal on the ground that the complaint fails to sufficiently allege an Eighth Amendment violation, we do not reach that argument.

dismiss under rule 12.02(e) "is not a responsive pleading under rule 15.01." *Sharkey*, 853 N.W.2d at 835. Because MCF-ML had served only a motion to dismiss under rule 12.02(e) at the time of Holl's motion to amend his complaint, Holl is correct that he was entitled to amend his complaint as a matter of course under rule 15.01.

The district court's error in rejecting Holl's motion to amend as a matter of course, however, does not justify reversal if the error is harmless. *See* Minn. R. Civ. P. 61. An error is harmless if it "does not affect the substantial rights of the parties." *Id.*

Here, if the district court had granted Holl's motion to enter his amended complaint, his claim would still suffer from the same defect as the initial complaint. The amended complaint repeats the initial complaint's factual allegation that MCF-ML experienced a laundry-soap shortage starting in November 2022. The amended complaint also references the two communications between Holl and MCF-ML staff about the shortage. For the reasons explained above, even considering the factual allegation about the laundry-soap shortage as true, the amended complaint does not state a sufficiently serious deprivation of rights or deliberate indifference by officials to support a claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 834.

The amended complaint adds one new factual allegation about laundry services. It alleges that, on February 16, 2023, MCF-ML posted a notice that it was ending the distribution of free laundry soap to incarcerated persons and that incarcerated persons would "be expected to purchase their own laundry soap." Holl filed the February 16, 2023, notice referenced in the amended complaint with the district court. The notice states that incarcerated persons would be expected to buy their own laundry soap, but it goes on to

state, "Please note, MCF-Moose Lake will continue to provide laundry supplies to [incarcerated persons] who are indigent." Even considering the new allegation and the notice as true, Holl's amended complaint does not allege facts showing that he was deprived of clean clothing. It therefore fails to allege a sufficiently serious deprivation of rights to support a claim under the Eighth Amendment. *See id.*

Because the amended complaint fails to state a claim upon which relief can be granted, the district court's denial of the motion to amend is harmless error.

**Affirmed.**